UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INSTITUTE FOR POLICY STUDIES )
1112 18th Street, N.W. )
Suite 600 )
Washington, D.C. 20036 )
)
    Plaintiff, )
)
vs. )
)
UNITED STATES CENTRAL )
INTELLIGENCE AGENCY )
Washington, D.C. 20505 )
)
    Defendant. )
_____ )

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
[Freedom of Information Act, 5 U.S.C. § 552]

INTRODUCTION

1. Plaintiff Institute for Policy Studies (hereinafter "IPS") brings this action to redress violations of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552, by defendant United States Central Intelligence Agency (hereinafter "CIA"). Defendant violated FOIA by failing to provide the records requested by Plaintiff in the June 1, 2004 FOIA request made by IPS to the CIA, by failing to conduct an adequate search for the records requested by IPS, by failing to respond to IPS' October 13, 2004 administrative appeal in a timely manner, and by denying Plaintiff's request for a full fee waiver under FOIA (5 U.S.C. section 552(a)(4)(A)(iii)). This action requests an order declaring that the CIA has violated FOIA, and enjoining the CIA—after conducting an adequate FOIA search— to provide the requested records forthwith and free of charge.

1

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to FOIA (5 U.S.C. §552(a)(4)(B)), federal question (28 U.S.C. § 1331), the Administrative Procedures Act (5 U.S.C. § 702) and pursuant to the Declaratory Judgment Act (28 U.S.C. section 2201).

## VENUE

3. The District of Columbia is the proper venue pursuant to 28 U.S.C. § 1331 because (1) Plaintiff has the District of Columbia as its principal place of business, (2) the agency records at issue are located in the District of Columbia, and (3) 5 U.S.C. section 552(a)(4)(B) provides for jurisdiction in the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff, Institute for Policy Studies ("IPS") is the nation's oldest multi-issue progressive think tank. IPS is a 501(c)(3) non-profit organization that is dedicated to strengthening social and environmental movements with independent research, visionary thinking and links to grassroots organizations, scholars and elected officials. Since 1963, IPS has empowered people to build healthy democratic societies in individual communities throughout the United States and the world. IPS publishes a great deal of information and reports on issues affecting democracy, justice, human rights, diversity and U.S. policy. IPS brings this action on behalf of the organization, its staff and members.

5. Plaintiff and its respective staff and members are adversely affected and injured by the CIA's failure to conduct an adequate search for the requested records, failure to release the requested records, failure to respond timely to Plaintiff's administrative appeal, and improper denial of Plaintiff's fee waiver request. The CIA's actions discourage Plaintiff, its members and other

members of the public from obtaining public records from the United States government. Without the FOIA information Plaintiff requested, Plaintiff and the members of the public to which Plaintiff disseminates information will not be able to effectively analyze and understand the United States government's foreign policy specifically as it pertains to Defendant's oversight and knowledge of past operations and activities related to the Colombian organization known as the 'PEPES' or the "Perseguidos por Pablo Escobar", "People Persecuted by Pablo Escobar", as well as Pablo Escobar and/or the death of Pablo Escobar. Further, without the requested information, Plaintiff is unable to inform, educate and counsel the public regarding the same. Unless this Court grants the requested relief, Plaintiff, its respective staff and its members will continue to be adversely affected and injured by the CIA's failure to comply with FOIA as alleged herein.

6. Defendant United States Central Intelligence Agency is a federal agency with possession of and control over the records that Plaintiff seeks. The CIA is responsible for searching for and releasing records in response to FOIA requests and granting FOIA fee waivers and, therefore, is sued as the defendant in this action.

## LEGAL FRAMEWORK

7. FOIA requires, *inter alia*, that federal agencies must promptly provide copies of agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

8. An agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents

9. FOIA provides for fee waivers for requests that are in the public interest and not in

the primary commercial interest of the requestor. 5 U.S.C. § 552 (a)(4)(A)(iii).

10. FOIA requires federal agencies to make a final determination on FOIA requests within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request unless the agency provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

11. FOIA requires federal agencies to make a final determination on FOIA administrative appeals within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

12. FOIA expressly provides that a person shall be deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. section 552(a)(6)(A)(i)–(ii). 5 U.S.C. § 552(a)(6)(C).

13. FOIA provides that any person who has not been provided the records requested pursuant to FOIA may, after exhausting their administrative remedies, seek legal redress from the federal district court to "enjoin the agency from withholding agency records and to order agency records improperly withheld from the complainant." 5 U.S.C. 552(a)(4)(B).

14. In any action seeking to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld, the court shall determine the matter de novo.

15. In any action regarding the waiver of fees the court shall determine the matter de novo. 5 U.S.C. § 552(a)(4)(A)(vii).

16. Under FOIA, the federal agency has the burden to sustain its action. 5 U.S.C. § 552(a)(4)(B).

17. The Court may assess attorney fees and litigation costs against the United States if Plaintiff substantially prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## STATEMENT OF FACTS

18. Pablo Escobar was born on December 1, 1949 and died on December 2, 1993. During the 1980s and early 1990s, Escobar was considered one of the most notorious and wealthiest drug-traffickers in the world.

19. "PEPES," or the "People Persecuted by Pablo Escobar" or "Perseguidos por Pablo Escobar," was a short-lived vigilante group composed of various enemies of Pablo Escobar. PEPES was formed in approximately October of 1992 and disbanded following Escobar's death in December of 1993. During that time period, PEPES briefly waged a bloody war against Escobar and his associates. The group is alleged to have committed numerous human rights violations in Colombia, including torture, rape and the killing of innocent civilians. PEPES were funded, among other parties, by the Cali Cartel, which was one of Escobar's main rivals.

### *IPS' June 1, 2004 FOIA Request*

20. On June 1, 2004, pursuant to FOIA, IPS requested from the CIA, "All records which mention or relate to the Colombian organization known as the 'PEPES' or the Perseguidos por Pablo Escobar, People Persecuted by Pablo Escobar, Pablo Escobar and/or the death of Pablo Escobar."

21. The FOIA request reasonably described the records requested and was made in accordance with the published rules of the CIA.

22. The June 1, 2004 FOIA request included a request for "waiver of all fees in

connection with this request."

23. Plaintiff's FOIA request adequately described why IPS is entitled to a fee waiver pursuant to 5 U.S.C. section 552(a)(4)(A)(iii).

24. IPS' request was in the public interest and was not requested for any commercial or economic interest.

### *The June 29, 2004 CIA Response*

25. By letter dated June 29, 2004, the CIA acknowledged that it received IPS' request and stated that it had only searched its "database of previously released documents using the search terms 'pepes' and 'Escobar.'"

26. Enclosed with the June 29, 2004 letter, the CIA provided IPS with an index ("Defendant's June 29th Index") of records generated by this limited search totaling approximately 503 pages, stating, "[t]hese documents were located in a search conducted on behalf of a previous requester."

27. In the June 29, 2004 letter, the CIA stated that it had "determined that [IPS'] request falls into the 'educational and non-commercial scientific institution fee category'" (*see* 32 C.F.R. § 1900.02(h)(2)) and that IPS would be charged at ten cents per page for pages in excess of the first 100 pages.

28. The CIA did not claim that IPS had failed to satisfy FOIA's requirements for entitlement to a public interest fee waiver.

29. The June 29, 2004 correspondence included a fee schedule.

30. Many, if not all, of the documents listed in Defendant's June 29th Index were Foreign Broadcast Information Service records.

### *IPS' October 13, 2004 FOIA Appeal*

31. On October 13, 2004, IPS appealed the CIA's response to the June 1, 2004 FOIA request. IPS appealed the adequacy of the CIA's search on the grounds that the CIA had only searched its database of previously released documents. IPS also appealed the CIA's failure to identify all documents withheld and the reasons for non-disclosure.

32. The CIA received IPS' appeal on or before October 20, 2004.

33. The CIA was required to respond to IPS' FOIA appeal no later than November 17, 2004.

34. On November 30, 2004, the CIA informed IPS that it had received IPS' October 13, 2004 appeal, had accepted IPS' appeal and would arrange for the Agency Release Panel to consider the appeal. The CIA stated that Plaintiff must expect a delay in receiving the Agency Release Panel's decision.

35. To date, the CIA has failed to make a determination on IPS' FOIA appeal.

### *IPS' February 16, 2005 Letter to the CIA*

36. On February 16, 2005, IPS again wrote to the CIA requesting an immediate response to its FOIA appeal. In this letter, IPS informed the CIA that it had received no follow-up information regarding the status of its FOIA appeal or the Agency Release Panel's decision. IPS stated that well over 20 work days had passed since the CIA's November 30 letter.

37. In its February 16, 2005 letter, IPS requested that the CIA disclose the requested documents as they become available, without waiting until all the documents have been assembled.

36. The CIA did not respond to IPS' February 16, 2005 letter until May 13, 2005.

### *IPS' April 6, 2005 Appeal Letter to the CIA*

38. On April 6, 2005, Plaintiff sent the CIA's Agency Release Panel and the Information and Privacy Coordinator a letter urging immediate resolution of this matter and providing the CIA with additional information to consider with respect to IPS' FOIA appeal.

39. In the April 6, 2005 letter, IPS—by and through its legal counsel—stated that IPS was appealing the CIA's response to the June 1, 2004 FOIA request on the grounds that 1) the CIA should not have limited its search to previously released documents, 2) the CIA should have searched for all records which mention or relate to the Colombian organization known as the 'PEPES' or the Perseguidos por Pablo Escobar, People Persecuted by Pablo Escobar, Pablo Escobar and/or the death of Pablo Escobar and should not have limited its search to pepes and Escobar, 3) should not have limited its search to Foreign Broadcast Information Service records.

40. The April 6, 2005 IPS letter explained that IPS was entitled to a full waiver of document fee requirements pursuant to 5 U.S.C. section 552(a)(4)(A)(iii). The letter stated that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the United States government and that the request was not made in furtherance of any commercial interest of IPS.

41. The April 6, 2005 IPS letter demonstrated (1) the subject of IPS' request; (2) the informative value of the information to be disclosed; (3) the contribution to general public understanding; (4) the significance of the contribution to public understanding; and (5) the existence and magnitude of a commercial interest.

42. The April 6, 2005 IPS letter concluded by stating that "[i]f the CIA does not respond to this FOIA appeal by promptly conducting a thorough search of its records and releasing the requested documents free of charge, IPS will have to consider its judicial remedies."

8

### *The CIA's May 13, 2005 Letter to IPS*

43. On or about May 13, 2005, the CIA responded to IPS' February 16, 2005 and April 6, 2005 correspondence by stating that the CIA was "still processing" IPS' appeal and that "every reasonable effort will be made to complete a response as soon as possible."

44. To date, the CIA has failed to respond to IPS' October 13, 2004 appeal or to adequately respond to IPS' June 1, 2004 FOIA request.

45. To date, the CIA has not granted IPS' request for a full fee waiver for all fees associated with IPS' June 1, 2004 FOIA request.

## CLAIMS FOR RELIEF

## CLAIM ONE: FAILURE TO CONDUCT AN ADEQUATE SEARCH

46. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

47. As of the date of filing this action, the CIA has failed to conduct an adequate search for the documents requested by Plaintiff in its June 1, 2004 FOIA request.

48. Based on the above facts and legal obligations, the CIA improperly limited its search for documents requested by Plaintiff in its June 1, 2004 FOIA request to previously released documents.

49. Based on the above facts and legal obligations, the CIA should have searched for all records which mention or relate to PEPES, the Perseguidos por Pablo Escobar, People Persecuted by Pablo Escobar, Pablo Escobar and/or the death of Pablo Escobar.

50. Based on the above facts and legal obligations, the CIA should not have limited its search to the terms pepes and Escobar.

9

51.  Based on the above facts and legal obligations, the CIA improperly limited its search for documents requested by Plaintiff in its June 1, 2004 FOIA request to Foreign Broadcast Information Service documents.

## CLAIM TWO: VIOLATION OF FOIA FOR FAILURE TO PROVIDE ALL RECORDS RESPONSIVE TO PLAINTIFF'S JUNE 1, 2004 FOIA REQUEST

52.  Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

53.  Defendant has denied Plaintiff's request of June 1, 2004, in that the CIA has failed to provide Plaintiff with all records responsive to the June 1, 2004 request.

54.  By failing to provide Plaintiff with all responsive records, Defendant has denied Plaintiff's right to this information under the Freedom of Information Act.

55.  Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to access all of the records requested pursuant to the FOIA.

## CLAIM THREE: FAILURE TO REPLY TO FOIA APPEALS

56.  Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

57.  Based on the above facts and legal obligations, the CIA failed to respond to IPS' October 13, 2004 administrative appeal within 20 business days of the appeal, and so violated FOIA's response deadline, 5 U.S.C. § 552(a)(6)(A)(ii).

## CLAIM FOUR: IMPROPER DENIAL OF FULL FEE WAIVER REQUEST

58.  Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

59.  Based on the above facts and legal obligations, the CIA improperly denied IPS' July

10

1, 2004 request for a public interest waiver of fees, and so violated the fee waiver provision of FOIA, 5 U.S.C. § 552(a)(4)(A)(iii).

## CLAIM FIVE - ADMINISTRATIVE PROCEDURE ACT

60. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

61. Plaintiff is entitled to judicial review, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702, 706, of Defendant's actions concerning its unlawful policies and practices regarding adequately searching for records requested by Plaintiff.

62. Plaintiff is entitled to judicial review, pursuant to the Administrative Procedure Act, of Defendant's failure to respond to Plaintiff's October 13, 2004 administrative appeal within the time frame established by FOIA.

63. Defendant has unlawfully withheld and/or unreasonably delayed agency action by failing to comply with the mandates of FOIA regarding Plaintiff's FOIA request and appeal.

64. Defendant's actions regarding Plaintiff's FOIA requests and appeal, are arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law.

## CLAIM SIX - DECLARATORY JUDGMENT ACT

65. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

66. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgement that Defendant violated FOIA by failing to provide all records responsive to Plaintiff's June 1, 2004 FOIA request prior to filing this action.

67. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgement that

Defendant violated FOIA by failing to conduct an adequate search for documents requested by Plaintiff in its June 1, 2004 FOIA request by limiting its search to previously released documents, by limiting its search to a subset of the search terms, and by limiting its search to Foreign Broadcast Information Service documents.

68. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgement that Defendant violated FOIA by failing to timely respond to IPS' October 13, 2004 administrative appeal.

69. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgement that Defendant violated FOIA by improperly denying IPS' July 1, 2004 request for a waiver of all fees.

## VIII. REQUEST FOR RELIEF

FOR THESE REASONS, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1. Declare that the CIA violated FOIA by failing to conduct an adequate search for the documents requested by Plaintiff in its June 1, 2004 FOIA request;

2. Declare that the CIA violated FOIA by failing to provide Plaintiff with all records responsive to the June 1, 2004 request;

3. Declare that the CIA violated FOIA by not responding to Plaintiff's FOIA appeal within 20 business days of filing the appeal;

4. Declare that the CIA violated FOIA by improperly denying Plaintiff's request for a public interest waiver of fees associated with release of the requested records;

5. Enjoin the CIA to immediately conduct an adequate search for the records

requested by Plaintiff;

6. Enjoin the CIA from withholding the requested records and order the production of all records improperly withheld from Plaintiff;

7. Enjoin the CIA to provide a public interest fee waiver for all records released to Plaintiff;

8. Grant Plaintiff its costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

9. Provide such other relief as the Court deems just and proper.

May 23, 2006                RESPECTFULLY SUBMITTED,

Brian Gaffney
Matt McFarland
LAW OFFICES OF BRIAN GAFFNEY
605 Market St., Suite 505
San Francisco, CA 94105
Telephone: (415) 442-0711
Facsimile: (415) 442-0713

Carl Messineo (#450033)
Mara Verheyden-Hilliard (#450031)
PARTNERSHIP FOR CIVIL JUSTICE
10 G Street, N.E., Ste 650
Washington, D.C. 20002
Telephone: (202) 789-4330
Facsimile: (202) 789-4333