IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES )<br>                                        )<br>       Plaintiff,            )<br>                                        )<br>v.                                       )<br>                                        )<br>CENTRAL INTELLIGENCE AGENCY )<br>                                        )<br>      Defendant.           )<br>_____) | Civil Action No. 06 CV 00960 |

## ANSWER

Defendant, Central Intelligence Agency, hereby responds to the Complaint For Injunctive And Declaratory Relief ("Complaint") as follows:

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

In response to the individual numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1. Defendant denies the allegations of paragraph 1 of the Complaint except to state that the first and last sentence of the paragraph contain Plaintiff's characterization of the action and legal conclusions to which no responsive pleading is required.

2. Defendant states that paragraph 2 of the Complaint contains a legal conclusion as to which no responsive pleading is required.

3. Defendant denies the allegations of paragraph 3 of the Complaint except to state that the Defendant is without information sufficient to form a belief as to the allegation

regarding where Plaintiff's principal place of business is located and to state that Plaintiff's statement of proper venue and jurisdiction are legal conclusions as to which no responsive pleading is required.

4.  Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.  Defendant denies the allegations of paragraph 5 of the Complaint except to state that Defendant will neither confirm or deny that it allegedly failed to conduct an adequate search for the requested records, Defendant will neither confirm or deny that it failed to release the requested records and to state that the Defendant is without information sufficient to form a belief as to the truth of the allegations contained in sentences 2, 3, 4 and 5 of paragraph 5.

6.  Defendant will neither confirm nor deny the allegations contained in the first sentence of paragraph 6 and states that the allegations of the second sentence of paragraph 6 of the Complaint state a legal conclusion as to which no responsive pleading is required.

7.  Paragraph 7 of the Complaint contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

8.  Paragraph 8 of the Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

9. Paragraph 9 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

10. Paragraph 10 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

11. Paragraph 11 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

12. Paragraph 12 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

13. Paragraph 13 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

14. Paragraph 14 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

15. Paragraph 15 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

16. Paragraph 16 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

17. Paragraph 17 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant admits that, on or about June 10, 2004, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

21. This paragraph contains legal conclusions as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations.

22. Defendant admits that, on or about June 10, 2004, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant admits that, on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

26.     Defendant admits that, on or about June 29, 2004, Defendant mailed an index attached to a letter to Plaintiff; the index is the best evidence of its content and Defendant denies anything inconsistent with its content.

27.     Defendant admits that, on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

28.     Defendant denies the allegations of paragraph 28 of the Complaint except to admit that on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

29.     Defendant admits that, on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

30.     Defendant admits the allegations of paragraph 30 of the Complaint.

31.     Defendant admits that, on or about October 20, 2004, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

32.     Defendant admits the allegations of paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains a legal conclusion as to which no responsive pleading is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 33 of the Complaint.

34.     Defendant admits that, on or about November 30, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

35.     Defendant admits that as of the time the Plaintiff filed the Complaint the Defendant had not made a determination on IPS' FOIA request.

36.     Defendant admits that on or about February 24, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

37.     Defendant admits that, on or about February 24, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

36.     Defendant admits the allegations of the second paragraph 36 of the Complaint.[1]

38.     Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

39.      Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

40.     Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

---

[1] It appears that the paragraphs to the complaint are misnumbered and there are two paragraphs identified as 36.

41. Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

42. Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

43. Defendant admits that, on or about May 13, 2005, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

44. Defendant denies the allegation except to admit that, on or about May 13, 2005, Defendant mailed a letter to Plaintiff regarding the appeal.

45. Defendant denies the allegations of paragraph 45 of the Complaint except to admit that as of the date the Complaint was filed, CIA had not responded to IPS' October 13, 2004 appeal.

## PLAINTIFF'S RELIEF REQUESTED

46. Defendant incorporates herein by reference its responses to the Complaint as set out above in paragraphs 1-36, 2nd Paragraph 36, and paragraphs 36-45.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

52. Defendant incorporates herein by reference its responses to the Complaint as set out above in paragraphs 1-51.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant incorporates herein by reference its responses to the Complaint as set out above in paragraphs 1-55.

57. Defendant denies the allegations of paragraph 57 of the Complaint except to admit that Defendant did not respond to IPS' October 13, 2004 administrative appeal within 20 business days of the appeal.

58. Defendant incorporates herein by reference its responses to the Complaint as set out above in paragraphs 1-57.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant incorporates herein by reference its responses to the Complaint as set out above in paragraphs 1-59.

61. Paragraph 61 of the Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations of paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

65.     Defendant incorporates herein by reference its responses to the Complaint as set out above in paragraphs 1-65.

66.     Defendant denies the allegations of paragraph 66 of the Complaint.

67.     Defendant denies the allegations of paragraph 67 of the Complaint.

68.     Defendant denies the allegations of paragraph 68 of the Complaint.

69.     Defendant denies the allegations of paragraph 69 of the Complaint.

70.     Defendant denies each and every allegation of the Complaint not specifically admitted herein.

### VIII. REQUEST FOR RELIEF

Defendant denies Section VIII of the Complaint and denies the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant, having fully answered, respectfully prays that this action be dismissed with prejudice, that it be granted its costs, and such further relief as is just.

Date: August 3, 2006                    Respectfully submitted,

                                        _____
                                        KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                        United States Attorney

                                        _____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney

                                        __

                                        _____
                                        ANDREA McBARNETTE, D.C. Bar  # 483789
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7153

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing ANSWER was filed via the Court's electronic filing system on this August 3, 2006 and is expected to be served by the Court's electronic transmission facilities to:

Carl Messineo
Partnership for Civil Justice
10 G Street, N.E.
Suite 650
Washington, D.C.  20002
(202) 789-4330 (phone)
(202) 789-4333 (fax)

            /S/
           ANDREA McBARNETTE
           Assistant United States Attorney