# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INSTITUTE FOR POLICY STUDIES | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-CV-00960 (HHK) |
| vs. | ) | |
| | ) | |
| UNITED STATES CENTRAL | ) | |
| INTELLIGENCE AGENCY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF MOTION AND MOTION
### FOR LEAVE TO FILE FIRST SUPPLEMENTAL COMPLAINT
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff Institute for Policy Studies ("IPS") respectfully moves this Court for an order granting leave to file a First Supplemental Complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendant does not oppose this motion. *See* Declaration of Brian Gaffney in Support of Motion to File First Supplemental Complaint ("Gaffney Decl.) at ¶6 and Exhibit A thereto. An original of the proposed First Supplemental Complaint is attached to the Gaffney Declaration as Exhibit B.

IPS requests leave to file its First Supplemental Complaint based on Defendant Central Intelligence Agency's (CIA's) actions subsequent to the May 23, 2006 filing of the original complaint. The motion will be based on the original Complaint, the proposed First Supplemental Complaint, this Notice of Motion, the attached Memorandum of Points and Authorities in Support thereof, and the Gaffney Declaration submitted herewith.

DATED: May 11, 2007

Respectfully submitted,

_____/S/_____
Brian Gaffney, Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

IPS requests leave to file its First Supplemental Complaint based on Defendant's actions subsequent to the May 23, 2006 filing of the original complaint. Defendant does not oppose this motion. Gaffney Decl. at ¶6 and Exhibit A thereto.

The proposed First Supplemental Complaint does not add any new claims. *Id*. at ¶18. The only substantive changes in the Supplemental Complaint are the addition of (1) a factual discussion of Defendant's actions subsequent to filing of the original complaint, (2) three new factual allegations under Count One alleging that Defendant failed to conduct an adequate search, (3) seven new factual allegations under Count Two alleging Defendant failed to provide all records responsive to IPS' Freedom of Information Act ("FOIA") request, (4) the addition of one phrase under Count Five regarding Defendant's failure to act, (5) one new factual allegation under Count Six regarding Plaintiff's entitlement to declaratory judgement, and (6) two additional requests for relief. The new factual allegations result from Defendant's actions subsequent to IPS' filing of its original complaint.

## STATEMENT OF FACTS

On June 1, 2004, pursuant to FOIA, Plaintiff requested from the CIA, "All records which mention or relate to the Colombian organization known as the 'PEPES' or the Perseguidos por Pablo Escobar, People Persecuted by Pablo Escobar, Pablo Escobar and/or the death of Pablo Escobar." The June 1, 2004 FOIA request included a request for "waiver of all fees in connection with this request."

Following numerous communications between the parties, IPS filed suit on May 23, 2006, challenging (1) the adequacy of Defendant's search for records responsive to IPS' FOIA request, (2) the failure of Defendant to provide all records responsive to IPS' FOIA request, (3) the failure

of Defendant to respond to IPS' administrative appeal, (4) the improper denial by Defendant of IPS'

request for a fee waiver, and (5) violations of the Administrative Procedure Act and the Declaratory

Judgment Act. *See* Original Complaint.

<u>The CIA's Actions Since Suit Filed on May 23, 2006</u>

Since the commencement of this action on May 23, 2006 the following material facts have

occurred in regard to the Defendant's compliance with FOIA:

On December 15, 2006 Defendant provided Plaintiff with a proposed Vaughn index.

Gaffney Decl. at ¶ 9.  On January 4, 2007, IPS informed Defendant that the proposed Vaughn index

was inadequate. *Id*. at ¶ 10.

After January 8, 2007, IPS received a letter from the CIA dated 15 December 2006 which

stated that (1) in response to IPS' FOIA request, Defendant searched for records in existence as of

June 1, 2004; (2) Defendant determined that Plaintiff does not meet the criteria for a fee waiver, but

as a matter of administrative discretion, Defendant would not charge fees; (3) with respect to the

portion of Plaintiff's request pertaining to Pablo Escobar, Defendant could neither confirm nor deny

the existence  or nonexistence of responsive records; (4) Defendant had enclosed eight responsive

records, released in segregable form; (5) Defendant had located additional responsive material,

which it determined was exempt from release and denied in its entirety; (6) Defendant had identified

one document that requires consultation with other federal agencies; (7) Defendant had located

additional relevant material that was not originated by CIA; and (8) Defendant had referred  the

additional relevant material to the originating agencies for review and direct response to Plaintiff.

*Id*. at ¶ 11.

On or around February 12, 2007, Defendant provided Plaintiff with a draft, undated

Declaration of Marilyn A. Dorn, the Deputy Chief of the CIA's Policy and Community Action Staff.

*Id*. at ¶12.  On or around February 21, 2007, IPS received a letter from Defendant which stated that Defendant had consulted with other federal agencies and had determined that additional responsive documents could be released in segregable form. *Id*. at ¶ 13.

A final Vaughn index and Dorn Declaration describing how the CIA conducted its search for responsive records were produced by Defendant at the time it filed its Summary Judgment motion on April 13, 2007.  *Id*. at ¶ 14.  According to the Dorn Declaration, Defendant limited its search for records responsive to Plaintiff's request to only two of its five directorates. *Ibid*.

## ARGUMENT

**I.     THIS COURT SHOULD LIBERALLY EXERCISE ITS DISCRETION TO GRANT PLAINTIFF LEAVE TO SUPPLEMENT THE COMPLAINT.**

> **A.     Rule 15 of The Federal Rules Of Civil Procedure Authorizes This Court To Grant Plaintiffs' Motion.**

"Leave to amend one's complaint is liberally permitted. Fed. R. Civ. P. 15(a) (leave to amend a pleading 'shall be freely given when justice so requires')."  *Islamic American Relief Agency v. Gonzales*, 477 F.3d 728, 738 (D.C. Cir.  2007) *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

> **B     All Relevant Factors Favor This Court Exercising Its Discretion To Grant Leave To Supplement The Complaint.**

Rule 15 provides that leave to amend a pleading shall be freely given when justice so requires.  According to the Supreme Court, a district court should grant leave to amend a complaint "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. at 182; *Atchinson v. District of Columbia*, 73 F.3d 418, 425, 426 (D.C. Cir.  1996).

1.     <u>No Undue Delay, Bad Faith or Dilatory Motive.</u>

The proposed First Supplemental Complaint is not being filed to cause undue delay, in bad faith or with a dilatory motive.   Gaffney Decl. at ¶22.   IPS requests leave to file its First Supplemental Complaint to address Defendant's actions subsequent to the May 23, 2006 filing of the original complaint.  Gaffney Decl. at ¶¶8-14.

2.     <u>No Undue Prejudice to the Opposing Party.</u>

Defendant does not oppose this motion. Gaffney Decl. at ¶6 and Exh. A thereto.  Defendant has been provided with a draft of the proposed amendment. *Id* at ¶5. Moreover, because the proposed changes are minimal, Defendant has not and will not be prejudiced by the proposed amendments in arguing its Motion for Summary Judgment.  *Foman v. Davis*, 371 U.S. at 182 (to overcome the presumption in favor of amending the pleadings, defendants must demonstrate that their interests would be *unduly* prejudiced if leave to amend is granted); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Defendant will suffer no prejudice by this Court's granting plaintiffs leave to amend the Complaint as Plaintiffs' original complaint already details Plaintiff's legal theories regarding the alleged FOIA violations here. Gaffney Decl. at ¶18. The proposed Supplemental Complaint incorporates factual allegations that occurred subsequent to the filing of the original Complaint. *Id.* at ¶¶8-14.  Likewise, the minor addition of the phrase "failure to act" under Count Five, the addition of one new factual allegation under Count Six regarding Plaintiff's entitlement to declaratory judgement, and the addition of two additional requests for relief are minor changes that do not prejudice Defendant.  *Id.* at ¶21.

Because there will be no such prejudice, leave to amend should be granted.

3.     <u>The Proposed Amendment Is Not Futile.</u>

The proposed amendment is not be futile. The legal basis for the amended factual allegations are not tenuous. *National Wrestling Coaches Ass'n v. Dept. of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004); *Foman*, 371 U.S. at 182. Here, there is a very solid legal basis for the additional factual allegations arising from Defendant's actions subsequent to the filing of the original complaint. Gaffney Decl. at ¶ 23.

## CONCLUSION

Mindful of the "strong policy permitting amendment" (*Islamic American Relief Agency v. Gonzales* at 738), this Court should exercise its discretion liberally and grant Petitioner's Motion for Leave to File a First Supplemental Complaint, and the proposed First Supplemental Complaint should be deemed filed and served as of the date of the granting of this Motion.

DATED: May 11, 2007                                          Respectfully submitted,


                                                            _____/S/_____
                                                            Brian Gaffney
                                                            Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the 1) Notice of Motion And Motion For Leave to File

First Supplemental Complaint And Memorandum of Points And Authorities in Support Thereof;

2) Declaration of Brian Gaffney in Support of Motion For Leave to File First Supplemental

Complaint and 3) Proposed Order were filed via the Court's electronic filing system on May 11,

2007 and is expected to be served by the Court's electronic transmission facilities to:

Andrea McBarnette
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514-7153
andrea.mcbarnette@usdoj.gov

                                                              _____/S/_____

                                                              Brian Gaffney
                                                              Attorney for Plaintiff Institute for Policy Studies