UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES )<br>)<br>)<br>Plaintiff,                                  )<br>)<br>vs.                                                    )<br>)<br>UNITED STATES CENTRAL          )<br>INTELLIGENCE AGENCY             )<br>)<br>)<br>Defendant.                           )<br>_____) | Case No. 06-CV-00960 (HHK) |

DECLARATION OF BRIAN GAFFNEY
IN SUPPORT OF MOTION FOR LEAVE TO FILE
FIRST SUPPLEMENTAL COMPLAINT

I, BRIAN GAFFNEY, DECLARE:

1. The information stated herein is personally known to me. If necessary, I could and would competently testify thereto.

2. I am an attorney of record for Plaintiff Institute for Policy Studies ("IPS") in the above-entitled matter.

3. This action is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 et seq., and was commenced by the filing of a complaint and service of a copy of the summons and complaint on the Defendant Central Intelligence Agency ("CIA") on May 23, 2006.

4. On May 10, 2007, I informed opposing counsel, Ms. Andrea McBarnette, by telephone that Plaintiff intended to file a Supplemental Complaint and requested that Defendant stipulate thereto and also stipulate to stay Summary Judgment briefing until the Court rules on the Motion For Leave to File First Supplemental Complaint.

Declaration of Brian Gaffney in Support of Motion for Leave to File First Supplemental Complaint -
Case No. 06-CV-00960                                                                                                                    1

5. On May 10, 2007, I also e-mailed opposing counsel proposing that the parties stipulate to the filing of the supplemental complaint and stay the summary judgment briefing until the court rules on the proposed First Supplemental Complaint, and attached a draft of the proposed First Supplemental Complaint.

6. On May 11, 2007, opposing counsel responded via electronic mail that Defendant would not object to Plaintiff's filing of a Supplemental Complaint and that Defendant would agree to stay Summary Judgment briefing until the Court rules on the proposed First Supplemental Complaint.

7. A true and correct copy of my May 10, 2007 correspondence to opposing counsel and opposing counsel's May 11, 2007 response is attached as Exhibit A.

8. Since the commencement of this action on May 23, 2006, the following material facts have occurred in regard to the defendant's compliance with FOIA, namely:

9. On December 15, 2006 Defendant provided this office with a proposed Vaughn index.

10. On January 4, 2007, I informed Defendant that the proposed Vaughn index was inadequate.

11. After January 8, 2007, IPS received a letter from the CIA dated 15 December 2006 which attached nine (9) documents and stated that (1) in response to IPS' FOIA request, Defendant searched for records in existence as of June 1, 2004; (2) Defendant determined that Plaintiff does not meet the criteria for a fee waiver, but as a matter of administrative discretion, Defendant would not charge fees; (3) with respect to the portion of Plaintiff's request pertaining to Pablo Escobar, Defendant could neither confirm nor deny the existence or nonexistence of responsive records; (4)

Defendant had enclosed eight responsive records, released in segregable form; (5) Defendant had located additional responsive material, which it determined was exempt from release and denied in its entirety; (6) Defendant had identified one document that requires consultation with other federal agencies; (7) Defendant had located additional relevant material that was not originated by CIA; and (8) Defendant had referred the additional relevant material to the originating agencies for review and direct response to Plaintiff.

12. On or around February 12, 2007, Defendant provided this office with a draft, undated Declaration of Marilyn A. Dorn (hereinafter "Dorn Declaration"), the Deputy Chief of the CIA's Policy and Community Action Staff.

13. On or around February 21, 2007, IPS received a letter from Defendant which stated that Defendant had consulted with other federal agencies and had determined that one additional responsive documents could be released in segregable form.

14. On April 13, 2007, in support of its Summary Judgment motion, Defendant produced a final Vaughn index and Dorn Declaration describing how the CIA conducted its search for responsive records. According to the Dorn Declaration, Defendant limited its search for records responsive to Plaintiff's request to only two of its five directorates.

15. The facts alleged in the proposed First Supplemental Complaint are material to the case.

16. Changes have been made to the following numbered paragraphs: 35, 45, 47, 48, 64.

17. The following paragraphs have been added 35A, 45A, 45B, 45C, 45D, 51A, 51B, 51C, 53A, 53B, 53C, 53D, 53E, 53F, 53G, 70 and prayer paragraphs 3A and 7A.

18. The proposed First Supplemental Complaint does not add any new claims.

19. The three new factual allegations under Count One alleging that Defendant failed to conduct an adequate search each arise from the information provided by Defendant subsequent to the filing of the original complaint.

20. The seven new factual allegations under Count Two alleging Defendant failed to provide all records responsive to IPS' FOIA request also arise from information provided by Defendant subsequent to May 23, 2006.

21. The proposed Supplemental Complaint also contains the addition of one phrase under Count Five regarding Defendant's failure to act, one new factual allegation under Count Six regarding Plaintiff's entitlement to declaratory judgement, and two additional requests for relief. I do not believe these prejudice Defendant.

22. The proposed First Supplemental Complaint is not being filed to cause undue delay, in bad faith or with a dilatory motive.

23. Based on my review of the documents and the law, I believe that there is a solid basis for these allegations and that the proposed amendments will not be futile.

24. An original of the proposed First Supplemental Complaint is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 11th day of May, 2007, in San Francisco, California.

DATED: May 11, 2007                                            Respectfully submitted,

                                                                              /S/

                                                                              Brian Gaffney
                                                                              Attorney for Plaintiff