IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTITUTE FOR POLICY STUDIES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0960 (HHK) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ANSWER

Defendant, Central Intelligence Agency, hereby responds to the Supplemental Complaint For Injunctive And Declaratory Relief ("Supplemental Complaint") as follows:

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

In response to the individual numbered paragraphs of the Supplemental Complaint, Defendant admits, denies or otherwise avers as follows:

1.  Defendant denies the allegations of paragraph 1 of the Supplemental Complaint except to state that the first and last sentence of the paragraph contain Plaintiff's characterization of the action and legal conclusions to which no responsive pleading is required.

2.  Defendant states that paragraph 2 of the Supplemental Complaint contains a legal conclusion as to which no responsive pleading is required.

3.  Defendant denies the allegations of paragraph 3 of the Supplemental Complaint except to state that the Defendant is without information sufficient to form a belief as to the allegation regarding where Plaintiff's principal place of business is located and to state that Plaintiff's statement of proper venue and jurisdiction are legal conclusions as to which no responsive pleading is required.

4.  Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Supplemental Complaint.

5.  Defendant denies the allegations of paragraph 5 of the Supplemental Complaint except to state that Defendant will neither confirm or deny that it allegedly failed to conduct an adequate search for the requested records, Defendant will neither confirm or deny that it failed to release the requested records and to state that the Defendant is without information sufficient to form a belief as to the truth of the allegations contained in sentences 2, 3, 4 and 5 of paragraph 5.

6.  Defendant will neither confirm nor deny the allegations contained in the first sentence of paragraph 6 and states that the allegations of the second sentence of paragraph 6 of the Supplemental Complaint state a legal conclusion as to which no responsive pleading is required.

7.  Paragraph 7 of the Supplemental Complaint contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

8.  Paragraph 8 of the Supplemental Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

9. Paragraph 9 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

10. Paragraph 10 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

11. Paragraph 11 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

12. Paragraph 12 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

13. Paragraph 13 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

14. Paragraph 14 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

15. Paragraph 15 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

16. Paragraph 16 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

17. Paragraph 17 contains a statement of law as to which no responsive pleading is required. To the extent that a response is required, Defendant admits that FOIA governs this case.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant admits that, on or about June 10, 2004, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

21. This paragraph contains legal conclusions as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations.

22. Defendant admits that, on or about June 10, 2004, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

23. Defendant denies the allegations of paragraph 23 of the Supplemental Complaint.

24. Defendant denies the allegations of paragraph 24 of the Supplemental Complaint.

25. Defendant admits that, on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

26. Defendant admits that, on or about June 29, 2004, Defendant mailed an index attached to a letter to Plaintiff; the index is the best evidence of its content and Defendant denies anything inconsistent with its content.

27. Defendant admits that, on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

28. Defendant denies the allegations of paragraph 28 of the Supplemental Complaint except to admit that on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

29. Defendant admits that, on or about June 29, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

30. Defendant admits the allegations of paragraph 30 of the Supplemental Complaint.

31. Defendant admits that, on or about October 20, 2004, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

32. Defendant admits the allegations of paragraph 32 of the Supplemental Complaint.

33. Paragraph 33 of the Supplemental Complaint contains a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations of paragraph 33 of the Supplemental Complaint.

34. Defendant admits that, on or about November 30, 2004, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

35. Defendant admits that as of the time the Plaintiff filed the initial Complaint the Defendant had not made a determination on IPS' FOIA request.

35A. Defendant admits that the Agency Release Panel has not sent correspondence to IPS regarding its FOIA request.

36. Defendant admits that on or about February 24, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

37. Defendant admits that, on or about February 24, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

36. Defendant admits the allegations of the second paragraph 36 of the Supplemental Complaint.[1]

38. Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

39. Defendant admits that, on or about April 6, 2005, Defendant received a letter

---

[1] It appears that the paragraphs to the complaint are misnumbered and there are two paragraphs identified as 36.

from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

40. Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

41. Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

42. Defendant admits that, on or about April 6, 2005, Defendant received a letter from Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

43. Defendant admits that, on or about May 13, 2005, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

44. Defendant denies the allegation except to admit that, on or about May 13, 2005, Defendant mailed a letter to Plaintiff regarding the appeal.

45. Defendant denies the allegations of paragraph 45 of the Supplemental Complaint.

45A. Defendant admits that, on or about 15 December 2006, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.  Defendant is without information sufficient to form a belief as to when IPS received that letter, and avers that the letter mailed on 15 December 2006 was returned on January 5, 2007 to Defendant as undeliverable because IPS had changed

its address, and that Defendant forwarded the letter to IPS's new address on January 8, 2007.

45B.	Defendant admits that, on or about February 21, 2007, Defendant mailed a letter to Plaintiff; the letter is the best evidence of its content and Defendant denies anything inconsistent with its content.

45C.	Defendant admits that it provided a Vaughn Index and declaration of the Deputy Chief of the CIA's Policy and Community Action Staff when it filed its Summary Judgment motion on April 13, 2007; the Vaughn Index and declaration are the best evidence of their contents and Defendant denies anything inconsistent with their contents.

45D.	Defendant denies the allegations of paragraph 45D of the Supplemental Complaint, except to admit that it searched the DI and the DCIA for documents responsive to Plaintiff's request.

## PLAINTIFF'S RELIEF REQUESTED

46.	Defendant incorporates herein by reference its responses to the Supplemental Complaint as set out above in paragraphs 1-36, 2nd Paragraph 36, and paragraphs 36-45.

47.	Defendant denies the allegations of paragraph 47 of the Supplemental Complaint.

48.	Defendant denies the allegations of paragraph 48 of the Supplemental Complaint.

49.	Defendant denies the allegations of paragraph 49 of the Supplemental Complaint.

50.	Defendant denies the allegations of paragraph 50 of the Supplemental Complaint.

51.	Defendant denies the allegations of paragraph 51 of the Supplemental Complaint.

51A.	Defendant denies the allegations of paragraph 51A of the Supplemental Complaint.

51B.    Defendant denies the allegations of paragraph 51B of the Supplemental Complaint.

51C.    Defendant denies the allegations of paragraph 51C of the Supplemental Complaint.

52.    Defendant incorporates herein by reference its responses to the Supplemental Complaint as set out above in paragraphs 1-51.

53.    Defendant denies the allegations of paragraph 53 of the Supplemental Complaint.

53A.    Defendant denies the allegations of paragraph 53A of the Supplemental Complaint.

53B.    Defendant denies the allegations of paragraph 53B of the Supplemental Complaint.

53C.    Defendant denies the allegations of paragraph 53C of the Supplemental Complaint.

53D.    Defendant denies the allegations of paragraph 53D of the Supplemental Complaint.

53E.    Defendant denies the allegations of paragraph 53E of the Supplemental Complaint.

53F.    Defendant denies the allegations of paragraph 53F of the Supplemental Complaint.

53G.    Defendant denies the allegations of paragraph 53G of the Supplemental Complaint.

54.    Defendant denies the allegations of paragraph 54 of the Supplemental Complaint.

55.    Defendant denies the allegations of paragraph 55 of the Supplemental Complaint.

56. Defendant incorporates herein by reference its responses to the Supplemental Complaint as set out above in paragraphs 1-55.

57. Defendant denies the allegations of paragraph 57 of the Supplemental Complaint except to admit that Defendant did not respond to IPS' October 13, 2004 administrative appeal within 20 business days of the appeal.

58. Defendant incorporates herein by reference its responses to the Supplemental Complaint as set out above in paragraphs 1-57.

59. Defendant denies the allegations of paragraph 59 of the Supplemental Complaint.

60. Defendant incorporates herein by reference its responses to the Supplemental Complaint as set out above in paragraphs 1-59.

61. Paragraph 61 of the Supplemental Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations of paragraph 61 of the Supplemental Complaint.

62. Paragraph 62 of the Supplemental Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations of paragraph 62 of the Supplemental Complaint.

63. Defendant denies the allegations of paragraph 63 of the Supplemental Complaint.

64. Defendant denies the allegations of paragraph 64 of the Supplemental Complaint.

65. Defendant incorporates herein by reference its responses to the Supplemental Complaint as set out above in paragraphs 1-65.

66. Defendant denies the allegations of paragraph 66 of the Supplemental Complaint.

67. Defendant denies the allegations of paragraph 67 of the Supplemental Complaint.

68. Defendant denies the allegations of paragraph 68 of the Supplemental Complaint.

69.  Defendant denies the allegations of paragraph 69 of the Supplemental Complaint.

70.  Defendant denies each and every allegation of the Supplemental Complaint not specifically admitted herein.

## VIII. REQUEST FOR RELIEF

Defendant denies Section VIII of the Supplemental Complaint and denies the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant, having fully answered, respectfully prays that this action be dismissed with prejudice, that it be granted its costs, and such further relief as is just.

Date: June 1, 2007                              Respectfully submitted,

_____
JEFFREY A. TAYLOR
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153