**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES )<br>1112 16th St NW, Suite 600 )<br>Washington, DC 20036 )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>UNITED STATES CENTRAL )<br>INTELLIGENCE AGENCY )<br>Washington, D.C. 20505 )<br>)<br>    Defendant. )<br>_____) | Case No. 06-CV-00960 |

**[PROPOSED] ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Court has read and considered the memoranda of points and authorities and other documents in support of and in opposition to Plaintiff Institute for Policy Studies' (IPS') Motion for Summary Judgment, and has heard and considered the arguments of counsel at the hearing on this matter.

The Court FINDS that Defendant Central Intelligence Agency ("CIA") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, when responding to IPS' June 1, 2004 FOIA request by (1) not conducting a search for responsive records up to the date of the search; (2) by limiting its search to records located in a search conducted on behalf of a previous requestor and another FOIA request reference number; (3) by only searching two of five CIA directorates when other directorates are reasonably likely to have requested records; and (4) by failing to search for documents pertaining to each of the search terms defined by Plaintiff, including Pablo Escobar.

The Court further FINDS that the CIA's referral of records to other agencies violated FOIA by significantly delaying disclosure of records to IPS.

The Court further FINDS that the CIA has improperly withheld documents by broadly claiming FOIA exemptions without sufficiently describing the withheld documents and

justifications, as evidenced by (1) the CIA's supporting affidavit, which is contradicted by contrary record evidence as the Vaughn Index solely references a different FOIA request; (2) the CIA's failure to adequately describe which portions of the produced records are exempt from disclosure and failure to sufficiently justify why the claimed exemptions are relevant; (3) the CIA's Vaughn Index's omission of all records which the CIA possesses but referred to other agencies; and (4) the failure of the both the Vaughn Index and the supporting Dorn Declaration to discuss Document No. 1339991.

The Court further FINDS that Plaintiff is entitled to a declaratory judgment that Defendant violated FOIA by (1) failing to respond to Plaintiff's FOIA appeal within 20 business days of filing the appeal, and (2) failing to follow the proper procedure with respect to Plaintiff's request for a public interest waiver of fees associated with release of the requested records.

The Court further FINDS Plaintiff is entitled to Summary Judgment as to its Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), claims, as the APA provides a cause of action to redress Defendant's undisputed procedural violations of FOIA's statutory mandates.

Therefore, it is hereby ORDERED that Summary Judgment is granted to Plaintiff, and the Court enjoins the CIA (1) to search for all responsive records up to the date of its search; (2) to conduct a search that is not limited to a previous requestor or another FOIA reference number; (3) to conduct a search of the files of Directorate of Support (DS), the National Clandestine Service (NCS) and the Directorate of Science and Technology (DS&T) for the requested records; (4) to search for all records related to the search terms defined by Plaintiff, including the term Pablo Escobar; and (5) to promptly release the records in CIA's possession which it referred to other agencies.

The Court further ORDERS Defendant to conduct an adequate search and produce a Vaughn Index in conjunction therewith which correlates the claimed exemptions to particular passages in the documents.  Once Defendant conducts this new search and produces the related Vaughn Index, this Court will conduct an in camera review of the documents withheld in whole and in part to determine if the materials withheld logically fall within the CIA's claimed exemptions.

**IT IS SO ORDERED**.

DATED:

                                                _____
HON. HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE