**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INSTITUTE FOR POLICY STUDIES )
)
Plaintiff, )
)
vs. ) Case No. 06-CV-00960
)
UNITED STATES CENTRAL )
INTELLIGENCE AGENCY )
Washington, D.C. 20505 )
)
Defendant. )
_____________________________________________)

**PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF MARILYN A. DORN AND MOTION TO STRIKE**

Pursuant to Federal Rules of Civil Procedure, Rule 56(e) and Rule 12(f) and Federal Rules of Evidence, Rule 103(a)(1), Plaintiff hereby objects to the Declaration of Marilyn A. Dorn and moves to strike on the following grounds: lack of foundation, lack of personnel knowledge, lack of relevance, and vagueness.

**I. Ms. Dorn's Testimony Lacks Foundation**

Ms. Dorn has not established a proper foundation for her statements regarding how Freedom of Information Act (FOIA) searches are conducted within the CIA nor how the CIA responded to Plaintiff's June 1, 2004 request.

Ms. Dorn is the Deputy Chief of the Policy and Community Action Staff (PCAS) of the Central Intelligence Agency's National Clandestine Service (NCS). Dorn Dec. ¶1. The CIA did not task NCS to search for records." *Id*. at ¶ 44. Neither the PCAS nor the NCS are referenced in the CIA's FOIA regulations. 32 C.F.R. §1900 et seq.

The Information and Privacy Coordinator, Information Management Services (IMS) located

within the Central Intelligence Agency's Directorate of Support (DS) "is the initial reception point for all FOIA requests." Dorn Dec. at ¶ 14. DS is responsible for "maintain[ing] records." *Id*. at ¶ 45. IMS is "the focal point for all FOIA requests and decisions." *Id*. at ¶ 43; 32 C.F.R. § 1900.02(d). The Information and Privacy Coordinators wrote all of the FOIA responses to Plaintiff. Dorn Dec. at ¶ 43; Dorn Dec., Exhs. C, E, H, J & Y.

Ms. Dorn does not state that she spoke with the CIA's Information and Privacy Coordinator, does not state that she spoke with the Director of Central Intelligence, does not state that she reviewed files in the Information and Privacy Coordinator's possession, does not state that she reviewed the records released to Plaintiff, does not state that she reviewed the records withheld or redacted in this matter, and does not state that she had a role in preparing the Vaughn Index for this matter.

Ms. Dorn claims that she is "familiar with this civil action" through the exercise of her official duties, but fails to explain 1) *how* her "official duties" have made her familiar with this civil action or 2) how familiarity "with this civil action" is familiarity with IPS' underlying FOIA request.

Ms. Dorn provides no foundation that she has the background, training or authority to determine that "no reasonably segregable, non-exempt portion of those documents exist." Dorn Dec. at ¶5.

Ms. Dorn provides no foundation that she has the background, training or authority to determine that all CIA documents responsive to Plaintiff's June 1, 2004 request contain information exempt from release. *Id*. at ¶6.

Ms. Dorn provides no foundation that she has the background, training or authority to testify

how FOIA searches are normally conducted within the CIA. *Id*. at ¶¶14, 16-21, 38, 49.

Ms. Dorn provides no foundation that she has the background, training or authority to determine if the search in this matter was thorough. (*Id*. at ¶35.

Ms. Dorn provides no foundation that she has the background, training or authority to determine that confirmation or denial of the existence of responsive records would reveal a classified fact. *Id*. at ¶50.

Ms. Dorn provides no foundation that she has the background, training or authority to determine that there has been no prior official acknowledgment by the CIA that it has or does not have records related to the search term "Pablo Escobar." *Ibid*.

Ms. Dorn provides no foundation that she has the background, training or authority to determine the potential harm to the CIA from release of records for which the CIA claims the *Glomar* response *Id*. at at ¶¶51-54.

Ms. Dorn provides no foundation that she has the background, training or authority to determine that withholding information here is proper given defendant's claimed FOIA exemptions. *Id*. at ¶¶58-108.

Ms. Dorn provides no foundation for her statements regarding what is contained in CIA's operational files. *Id*. at ¶48.

Ms. Dorn provides no foundation for her statements regarding how the CIA reviews classified information. *Id*. at ¶57.

Ms. Dorn provides no foundation that the Director of Central Intelligence exercised his authority and exempted operational files related to Plaintiff's request *Id*. at ¶48.

Ms. Dorn provides no foundation that the Director of Central Intelligence exempted specific

operational files from FOIA," or that such "specific operational files" were (1) "intelligence" or "counterintelligence," (2) files of NCS or DS&T, (3) related to Plaintiff's FOIA request, or (4) identified for exemption under 50 U.S.C. section 431(b)(1)–(3). *Ibid*.

**II. Ms. Dorn Does Not Testify Based on Personal Knowledge**

Ms. Dorn has not established that her statements are based on personal knowledge. While Ms. Dorn claims that her statements are "based upon my personal knowledge and information made available to me in my official capacity" (Dorn Dec. at ¶3), Ms. Dorn provides no evidence that her statements are based on what she personally experienced through her own senses.

Instead, her statements disclose that some portion of her statements are based on information made available to her and not on her personal experiences. *Ibid*. Further, Ms. Dorn does not disclose which of her statements are "based upon [her] personal knowledge" and which are based on "information made available" to her.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that "CIA personnel carefully reviewed documents" to determine what could be released and what withheld. Dorn Dec. at ¶¶4, 9.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that "a line-by-line review was conducted for all the documents at issue." *Id*. at ¶5.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that the CIA coordinated documents with the DOD, DOS, NSA and DEA. *Id*. at ¶¶7, 8.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that DOD, DOS, NSA and DEA determined certain information was exempt from release. *Ibid*.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that DOS and DEA will provide a direct response to Plaintiff. *Id*. at ¶8.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that "in this case CIA employees who performed the necessary FOIA searches" had access to all records, were qualified to search these records and search such records in the course of their professional duties." *Id*. at ¶21.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that certain directorates would not likely have responsive information. *Id*. at ¶47.

Ms. Dorn does not disclose that she has any personal knowledge on which to base her statement that responsive files would be located in "operational files." *Id*. at ¶48.

Ms. Dorn does not disclose that she has any personal knowledge that the Director of Central Intelligence exercised his authority and exempted specific operational files from FOIA. *Id*. at ¶48.

**III. Ms. Dorn's Testimony is Vague**

Ms. Dorn refers to a "Security Center." *Ibid*. Elsewhere Ms. Dorn states that "[a]ll CIA components are contained within one of five directorates or office clusters: Directorate of Intelligence (DI), the National Clandestine Service (NCS), the Directorate of Science and Technology (DS&T), the Directorate of Support (DS) and the Directorate of CIA Area (DCIA)." *Id*. at ¶ 15. Ms. Dorn does not explain to which directorate the "Security Center"refers, and thus the reference to such a Security Center is impermissibly vague.

**IV. Ms. Dorn's Testimony Is Irrelevant**

Ms. Dorn's general statement that the Director of Central Intelligence exercised his authority and exempted operational files from FOIA (*Id*. at ¶48) is not relevant to this action in the absence

of a statement that such exempted operational files are related to the search terms requested by Plaintiff's FOIA request.

Based on the above inadequacies in Ms. Dorn's declaration, Plaintiff moves to strike the paragraphs in the declaration noted above.

DATED: June 13, 2007 RESPECTFULLY SUBMITTED,

/S Brian Gaffney
Brian Gaffney (pro hac vice)
Matt McFarland (pro hac vice)
LAW OFFICES OF BRIAN GAFFNEY
605 Market St., Suite 505
San Francisco, CA 94105
Telephone: (415) 442-0711
Facsimile: (415) 442-0713

/S/ Andrea Ferster
Andrea C. Ferster (#384648)
Attorney at Law
1100 17th Street, N.W. 10th Floor
Washington, D.C. 20036
Telephone: (202) 974-5142
Facsimile: (202) 331-9680