

*our Decades of
nconventional
isdom*

**irector**
ohn Cavanagh

**oard Of Trustees**
uth Adams
arry Belafonte
obert L. Borosage
lsbeth Bothe
ohn Cavanaugh
drian De Wind
mes Early
alph Estes
rances T. Farenthold
isa Fuentes
aul Landau
ancy Lewis
larence Lusane
. Ethelbert Miller
arcus Raskin
ewis M. Steel

October 13, 2004

Mr. Alan Tate, FOIA Coordinator, CODE PSP/FOIA
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

        Re:     <u>Case Number F-2004-01528</u>
                  <u>Freedom of Information Act Appeal</u>

Dear Mr. Tate:

Pursuant to the Freedom of Information Act ("FOIA"), codified at 5 U.S.C. § 552 et seq., and in accordance with 5 U.S.C. § 552(a)(6), The Institute for Policy Studies (IPS) is formally appealing the June 29, 2004 FOIA response issued by the Central Intelligence Agency (CIA) and requesting that the CIA reply to the foregoing appeal within the requisite 20 day time limit. <u>See</u> 5 U.S.C. § 552(a)(6)(A)(ii) (1996).

On June 1, 2004, Paul Paz y Miño, on behalf of IPS, submitted a FOIA request to the State Department requesting all records regarding or referring to the Colombian organization known as the "PEPES" or the *Perseguidos por Pablo Escobar*, People Persecuted by Pablo Escobar, Pablo Escobar and/or the death of Pablo Escobar.

**The CIA Failed to Conduct a Reasonable Search of its Files**

The CIA stated in its June 29, 2004 response only that it had conducted a search of its "database of previously released documents". This search produced an index of 503 documents all of which were publicly released Foreign Broadcast Information Service reports.  IPS does not consider this search to be adequate and requests that a new search be conducted and documents be reviewed that are not merely public foreign broadcasts.  The CIA is under a duty to conduct a reasonable search of its records for any documents that are "**possibly** responsive" to IPS's request, and the CIA bears the burden of showing the reasonableness of both the scope and method of its search. <u>See</u> <u>Kurz-Kasch, Inc. v. Department of Defense</u>, 688 F. Supp. 311, 313 (S.D. Ohio 1987) (emphasis added).  As the CIA has failed to meet that burden by demonstrating that it has reasonably searched its files in responding to IPS's request, the CIA's response is inadequate.

When responding to a FOIA request, agencies are "under a duty to conduct a reasonable search for any documents which are possibly responsive" to the request. <u>Kurz-Kasch, Inc. v. Department of Defense</u>, 688 F. Supp. 311, 313 (S.D. Ohio 1987)(citing <u>Weisberg v. Department of Justice</u>, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983)); see <u>Truitt v. Department of State</u>, 897 F.2d 540, 542 (D.C. Cir. 1990)("[i]t is elementary that an agency responding to a FOIA request must conduct a search reasonably calculated to uncover all relevant documents").  An agency's failure to locate any responsive documents may in some circumstances indicate that an agency has used inadequate search methods or has only selectively searched its files. See <u>Founding Church of Scientology of Washington v. NSA</u>,



*our Decades of*
*nconventional*
*isdom*

**irector**
*ohn Cavanagh*

**oard Of Trustees**
uth Adams
arry Belafonte
obert L. Borosage
lsbeth Bothe
ohn Cavanaugh
drian De Wind
mes Early
alph Estes
rances T. Farenthold
isa Fuentes
aul Landau
ancy Lewis
larence Lusane
. Ethelbert Miller
arcus Raskin
ewis M. Steel

610 F.2d 824, 836-37 (D.C. 1979) ("to accept its claims of inability to retrieve the requested documents . . . is to raise the specter of easy circumvention of the Freedom of Information Act). Moreover, if challenged, it is the agency's responsibility to demonstrate "beyond material doubt that the search as conducted was in fact reasonable." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990)(internal quotations and citations omitted).

The CIA bears the burden of demonstrating that it has conducted a reasonable search. IPS submits that, as the CIA has not presented such evidence, its search should be found inadequate.

**The CIA has violated IPS's right to due process by failing to adequately respond to IPS's FOIA request**

In responding to IPS's FOIA request, the CIA is required to respond with sufficient detail and explanation so that IPS is able to ascertain from the response whether an appeal should be taken. See Shermco Industries, Inc. v. Secretary of the Air Force, 452 F. Supp. 306, 317 (N.D. Tex. 1978), rev'd on other grounds, 613 F.2d 1314 (5th Cir.1980). Without an adequate statement from the CIA specifying all of the documents responsive to IPS's request and identifying all of those withheld, IPS is unable to determine the amount of responsive information possessed by the CIA or the validity of any claimed exemptions.

Courts have held that an agency's response to a request for documents under FOIA must contain certain information, including a **list** of documents that are and are not releasable, reasoning that "a person cannot effectively appeal a decision about the releasability of documents . . . if he is not informed of at least a list of the documents to which he was denied access . . . and why those decisions were made." See Shermco, 452 F. Supp. at 317, n.7; see also Oglesby v. Department of the Army, 920 F.2d 57, 65 (D.C. Cir. 1990) (citing Shermco). Indeed, an agency's "denial of this information would in all likelihood be a violation of due process as well as effectively gutting the reasons for applying the exhaustion doctrine in FOIA cases." Id. The CIA has failed to provide the required list.

**Conclusion**

Thank you for your consideration of this appeal, and we look forward to your response. A decision in this matter will result in exhaustion of IPS's administrative remedies. In the event that IPS's appeal is denied in whole or in part, IPS is prepared to seek relief in federal district court. If we can be of any further assistance, please do not hesitate to contact this Office.

Sincerely,


Paul Paz y Miño
ppaz@igc.org
Research Scholar
Institute for Policy Studies