IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INSTITUTE FOR POLICY STUDIES,  )
                               )
            Plaintiff,         )
                               )
     v.                        )  Civ. No. 06-CV-00960 (HHK)
                               )
CENTRAL INTELLIGENCE AGENCY,   )
                               )
            Defendant.         )
_____)

### DECLARATION OF RALPH S. DIMAIO, INFORMATION REVIEW OFFICER, NATIONAL CLANDESTINE SERVICE, CENTRAL INTELLIGENCE AGENCY

I, RALPH S. DIMAIO, hereby declare:

1.  I am the Information Review Officer (IRO) for the National Clandestine Service (NCS) of the Central Intelligence Agency (CIA). I assumed this position on 11 June 2007. I have held several senior operational and administrative positions in the CIA since 1983. I am responsible for the review of documents originated by the NCS, or otherwise implicating NCS interests, that may become the subject of litigation.

2.  The NCS is responsible for conducting the CIA's foreign intelligence and counterintelligence activities; covert action; coordinating liaison with foreign intelligence and security services; serving as the

repository for foreign counterintelligence information;

supporting clandestine technical collection; and

coordinating CIA support to the Department of Defense.

Specifically, the NCS is responsible for the conduct of

foreign intelligence collection activities through the

clandestine use of human sources.

3.  As the NCS/IRO, I am responsible for the

protection of information originated by the NCS, or

otherwise implicating NCS interests, which may be the

subject of court proceedings.  As part of my official

duties, I ensure that any determinations as to the release

or withholding of such information are proper and do not

jeopardize NCS interests or endanger NCS personnel or

facilities.  I am a CIA official with Original

Classification Authority at the TOP SECRET level, pursuant

to a written delegation of authority issued to me pursuant

to Section 1.3(c) of Executive Order 12958, as amended.[1]

Therefore, I am authorized to make original classification

and declassification decisions.

---

[1] Executive Order 12958 was amended by Executive Order 13292.  See Exec.
Order No. 13292, 68 Fed. Reg. 15,315 (Mar. 28, 2003).  All citations to
Executive Order No. 12958 are to the Order as amended by Executive
Order No. 13292.  See Exec. Order No. 12958, 3 C.F.R. 333 (1995),
reprinted as amended in 50 U.S.C.A. § 435 note at 180 (West Supp.
2006).

4.  The Director of Information Management Services
at the CIA has appointed me Records Validation Officer
(RVO) for the purpose of this litigation.  As RVO, I am
authorized to have access to all CIA records on any subject
relevant to this litigation, and am authorized to sign
declarations on behalf of the CIA regarding searches of CIA
records systems and the contents of records, including
those located in, or containing information under the
cognizance of, CIA directorates other than the NCS.

5.  I submit this declaration to supplement the First
and Second Declarations of Marilyn Dorn filed in support of
Defendant's Motion for Summary Judgment in this case, which
are incorporated herein.  Based upon knowledge gained in my
professional capacity, it is my understanding that Marilyn
Dorn, as the NCS/IRO, had been delegated authority to make
original classification and declassification
determinations.  Furthermore, based upon information
provided to me in my professional capacity, although
Marilyn Dorn's title was Deputy Chief of the Policy and
Community Action Staff, Ms. Dorn also served as the
NCS/IRO.  As NCS/IRO, Ms. Dorn was also able to exercise
RVO authorities.

3

6. I make the following statements based upon my personal knowledge and information provided to me in my official capacity.

## Initial Request

7. As an alternative to extensive tasking and as an accommodation to many requestors, Agency regulations authorize Agency personnel in response to a FOIA request to search the Agency's database of "officially released information," which contains copies of documents released by the Agency. This practice is authorized in the Agency's regulation in 32 CFR § 1900.21. When the Agency received Plaintiff's FOIA request, that is the subject of this litigation, the initial search conducted was limited only to the database of "officially released information." The Agency sent a letter dated 29 June 2004 to Plaintiff informing him that CIA had searched "our database of previously released information" and identified documents "located in a search conducted on behalf of a previous requester." The CIA provided Plaintiff with the two requester reports generated in connection with this search and instructions on how to order copies of the documents listed on these reports. The documents listed were issued

4

by the Foreign Broadcast Information Service (FBIS). FBIS
collected and translated openly available news and
information from non-US media sources, already within the
public domain. FBIS has been reorganized and is now known
as the Office of the Director of National Intelligence,
Open Source Center. Since FBIS documents were openly
available in the public domain, the search may have located
documents related to "Escobar," one of the search terms.
The term "Escobar" was used because the search was made in
already released or otherwise publicly available documents.
This search would not have revealed whether the CIA itself
had gathered or collected intelligence on Pablo Escobar,
which would be classified.

### Appeal

8.    On 20 October 2004, the CIA received
Plaintiff's letter of 13 October 2004 appealing the
adequacy of the search, and the fact that it was limited to
previously released information. In a letter dated 30
November 2004, the CIA informed Plaintiff that it had
accepted the Plaintiff's appeal. In a letter dated 13 May
2005, the Agency informed Plaintiff that it was still
processing Plaintiff's appeal. In response to Plaintiff's
appeal, a search was done in the DI record system. Based

5

on the results of the DI's search, the DCIA Area was

subsequently tasked as well.[2] The DI located three

responsive documents, which were redacted for exempt

information pertaining to DI equities, and sent the

documents for review.  Plaintiff filed its Complaint on

23 May 2006, before this review and coordination process

could be completed.  The CIA provided Plaintiff with its

response to Plaintiff's FOIA request on 15 December 2006.

Although the 15 December 2006 letter stated that the search

included records in existence as of 1 June 2004, the search

was based on subject, not by date, and would have included

all of the documents in existence as of the date of the

search.  The CIA records search commenced on or about 12

December 2004.

### The CIA's Glomar Response

9.  Plaintiff asserts that the CIA's Glomar response

is implausible because Pablo Escobar died in 1993.  The

CIA's Glomar response is valid, however, even though

Escobar is dead because official CIA acknowledgement of the

---

[1] The DCIA Area located the remaining documents at issue.  As
previously explained in the First Dorn Decl., experienced information
management officers determined that , the DS&T and DS would not
reasonably be likely to have information responsive to Plaintiff's
request, based in part on their respective mission and functions.  (See
paragraphs 39-48.)

existence or nonexistence of information, in its possession, about any particular foreign national could reasonably be expected to result in harm to national security. If the CIA admits that it possesses intelligence information about any particular foreign national such as Pablo Escobar, the CIA essentially admits that CIA intelligence methods have been applied against that foreign national. This would allow any associates of that individual to take countermeasures to identify and frustrate these methods in order to make their future activities undetectable by the CIA. Further, any admission by the CIA that it does not possess information about a particular foreign national would confirm the success of any efforts employed by that individual or their former associates or anyone else aware of that individual's activities, to conceal activities from the CIA. These reasons continue to apply even after the death of the individual about whom information is sought from the CIA.

10. Nor has the CIA officially acknowledged the existence or nonexistence of information, in its possession, about Pablo Escobar by releasing Document 1340584 or by other document or communication. Document 1340584 describes the escalation of drug-related violence

in Columbia anticipated by the Columbian government in
response to a reported car-bomb attack by Pablo Escobar and
does not include intelligence information about Pablo
Escobar.  The documents reference to Pablo Escobar is
general and in the context of the basis of the Columbian
government's expectations of increased violence.  Moreover,
the document includes speculation, based on public
information, about what Escobar might have believed and is
not attributable to a particular source.  Information
regarding the escalation of drug-related violence in
Columbia neither confirms or denies that the Central
Intelligence Agency did or did not collect information on
Pablo Escobar.

## The CIA's Operational Files Exemption

11.  The CIA processed Plaintiff's FOIA request in
accordance with the FOIA and the CIA Information Act of
1984, 50 U.S.C. § 431, as amended.  The CIA Information Act
exempts operational files from the search, review,
publication, and disclosure requirements of the FOIA.  The
CIA searched those records systems subject to the FOIA and
reasonably expected to include information responsive to
Plaintiff's FOIA request.  The CIA determined that any
other information responsive to Plaintiff's FOIA request,

should it exist, would be located in operational files.

Accordingly, the CIA did not search the "operational files"

of the National Clandestine Service or Directorate of

Science & Technology.

12.  The CIA Information Act provides that the

Director of Central Intelligence (DCI) may exempt

operational files of the CIA from the search and review

provisions of the FOIA.  In 1985—shortly after enactment of

the Act—the DCI designated certain categories of

operational files as exempt. See *Notice of Decennial Review*

*of Operational Files Designations*, 59 Fed. Reg. 40,339

(1994).

13.  The Act further provides that not less than

once every ten years, the DCI shall review the exemptions

in force to determine whether such exemptions may be

removed from any category of exempted files or ant portion

thereof.[3] The DCI completed the second decennial review of

operational files designations in 2005 and again designated

categories of exempt operational files. See *Notice of*

*Decennial review of Operational Files Designations*, 69 Fed.

Reg.76, (2004). Among the operational files that the DCI

---

[3]The 2004 amendment provided that the Director of the CIA shall
coordinate with the Director of National Intelligence (DNI) in
designating exempt operational files; the DNI was not sworn in until
21 April 2005, after completion of the most recent decennial review by
the DCI. Thus, all references in this section will be to the DCI,
rather than the DCIA.

9

designated as exempt are the following categories of NCS[4]
and files:  personality, external organizations,
operational interest, and operational activities files.
Similarly, operations and technical support files are among
the DS&T files that the DCI designated as exempt.  The
DCI's 2005 designations of exempt operational files are the
designations of exemptions currently in force.

14.  As noted above, the DCI reviews operational
file designations periodically, but not less than once
every ten years. Accordingly, the DCI's operational files
designations are not like the DCI's formal invocation of
the state secrets privilege, which requires that the DCI
assert the privilege on a case-by-case basis as it arises
in each litigation.

15.  I have reviewed plaintiff's FOIA request along
with the DCI's 2005 designations of categories of
operational files that are exempt from FOIA, and have
determined that NCS files reasonably likely to contain
responsive information, if any existed, fall within the
categories of records designated by the DCI as exempt
pursuant to 50 U.S.C.A. § 431. I have also reviewed the
definition of operational records set forth in the CIA

---

[4] The NCS was formerly the Directorate of Operations, from which the
operational files are exempted.

Information Act and state that the categories of exempt operational files reasonably likely to contain responsive information, if any exists, currently perform the functions set forth in subsection (b)(1) of the Act, 50 U.S.C.A. § 431 (b)(1).

16.  Accordingly, in connection with Plaintiff's FOIA request, the CIA did not search operational files exempt under the CIA Information Act.

### Third Agency Referrals

17.  As set forth in the First Dorn Declaration, several of the responsive documents located in the CIA's files contained information originated by the Department of Defense (DOD), Department of State (DOS), National Security Agency (NSA), and the Drug Enforcement Agency (DEA).  The documents were coordinated with those agencies in accordance with Agency regulations and standard procedure. First Dorn Decl. ¶ 7.  After coordination with the other agencies, the documents were included in the CIA's response to plaintiff, and in the Vaughn Indices attached to both the First Dorn Declaration and to this declaration.  No

further response from the CIA or these agencies with respect to these documents is required or necessary.

18. In addition, one document was originated by the DOS, and was referred to that agency for direct response to plaintiff in accordance with Executive Order 12958. Based on knowledge and belief, the DOS determined that the document was releasable in full, and responded directly to plaintiff by letter dated December 4, 2006. Exhibit A. No further response from the CIA or DOS is required or necessary.

19. One document was originated by and referred to the Drug Enforcement Agency (DEA) for direct response. DEA's document is included in the Vaughn Index as Document 1368251. Based upon information provided to me, the DEA is filing a separate declaration in this case to explain the withholding of any information.

## Fee Waiver

20. On 14 August 2006, the CIA notified the Plaintiff that as a matter of administrative discretion, that no fees would be charged. Based upon information provided to me in my personal capacity, it is my understanding that the Agency has not requested nor has the Plaintiff incurred any costs related to this case.

12

## Vaughn Index

21.  Plaintiff points out that the FOIA reference
number given in the Vaughn Index (F-1999-00924) is
different from the number assigned to Plaintiff's FOIA
request (F-2004-01528).  Due to a glitch in the database,
the FOIA Request number from a previous case remained when
the Vaughn Index for this request was printed.  An updated
Vaughn Index is attached as an exhibit to my declaration.
Exhibit B.  I have personally reviewed both the index and
the documents it describes, and the index contains accurate
descriptions of each document from which information was
withheld in full or in part, lists the applicable FOIA
exemptions, and identifies the nature of the exempt
information.  The updated Vaughn Index also includes
document 1339991, which was inadvertently omitted from the
First Dorn Declaration and Vaughn Index.

22.  With respect to any information withheld, factual
material was examined carefully to determine whether it
could be segregated and released.  If information was
segregable and not otherwise exempt, it was released.
Where documents were denied in full, a determination was
made that no reasonably segregable, non-exempt portion of

13

those documents existed.  The determinations were based upon careful reviews of the documents in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this $\underline{20}$ day of August, 2007.

Ralph S. DiMaio
Information Review Officer
National Clandestine Service
Central Intelligence Agency



**United States Department of State**

*Washington, D.C. 20520*

DEC 4 2006

Case No. 200605694

Mr. Paul Paz y Mino
Research Scholar
Institute for Policy Studies
733 15th Street NW
Suite 1020
Washington, DC 20005-2112

Dear Mr. Paz y Mino:

I refer to your letter dated June 1, 2004 to the Central
Intelligence Agency, requesting the release of certain
material under the Freedom of Information Act (Title 5 USC
Section 552).

One of the relevant documents retrieved in response to your
request originated with the Department of State and was
therefore referred to us for appropriate action. We have
determined that it may be released in full. The released
document is enclosed.

Sincerely,

Margaret P. Grafeld
Director
Office of Information Programs
and Services

Enclosure:
As stated.

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1333991

**Date of Document:** 02/01/2000

**Document Type:** Report

**Classification:** Secret

**From/To:**

**Subject:** The Diversifying Latin American Drug Threat

**Document Pages:** 24

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This is a 24 page joint intelligence report from February 2000 consisting of cover title page, table of contents, and scope note and analytic assessment regarding the diversifying Latin American drug threat in 2000. It contains an incidental reference to the violent deaths of drug lords, including Pablo Escobar's death in 1993 which has been released in full. The remainder of the information in the document reflects analysts' judgments regarding Latin American issues in 2000, including analytic assessments of bilateral and multilateral counter-narcotics efforts, as well as the money laundering and corruption in specific countries. The reference to Escobar's death in 1993 is the only reference to Escobar's death in the document. The information withheld would reveal information that is properly classified pursuant to an Executive order in the interest of national defense or foreign policy. The information withheld would reveal intelligence activities (including special activities), intelligence sources, and intelligence methods. The information withheld would also reveal foreign government information, cause harm to foreign relations, and would also reveal CIA internal practices, organizational data, functions, and the name, employee identification number, room number, phone numbers, and official titles of CIA employees. All reasonably segregable responsive information has been released.

**Case Number: 06-0960**
**Judge's Initials : HHK**

# IPS INDEX

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2004-01528 |
| Document Number: | 1333992 |
| Date of Document: | 05/07/1997 |
| Document Type: | Report |
| Classification: | Secret |
| From/To: |  |
| Subject: | Colombia: Changing Faces of the Drug Trade |
| Document Pages: | 8 |

**FOIA Exemptions:**
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☐ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions:**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
○ Denied in Full
● Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description:** This is an 8 page intelligence report prepared by the DCI Crime and Narcotics Center in 1997. The only information in the document pertaining to the death of Pablo Escobar is a incidental reference to the location where he was killed in 1993. This reference has been released in full. The remaining information, which is currently and properly classified, is an assessment of the state of drug trafficking, including information about various drug traffickers and drug lords in the late 1990s. The information withheld would reveal information that is properly classified pursuant to an Executive order in the interest of national defense or foreign policy. The information withheld would reveal intelligence activities (including special activities), intelligence sources, and intelligence methods. The information withheld would reveal foreign government information, cause harm to foreign relations, and reveal CIA internal practices, data, functions, and the name, employee identification numbers, phone numbers, and official titles of CIA employees. All reasonably segregable responsive information has been released.

**Case Number: 06-0960**
**Judge's Initials: HHK**

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1340582

**Date of Document:** 12/03/1993

**Document Type:** Cable

**Classification:** Secret

**From/To:**

**Subject:** Cable - Latin America Brief

**Document Pages:** 3

**FOIA Exemptions:**
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☐ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions:**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
○ Denied in Full
● Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description:** This 3 page CIA cable contains one responsive paragraph reporting on the death of Pablo Escobar and the implications for the flow of drugs from Colombia. The information withheld above the subject line consists of CIA internal and external dissemination lists and classification and control markings (2 plus pages). The information withheld from the responsive portion would reveal information that is properly classified pursuant to an Executive order in the interest of national defense or foreign policy the release of which would cause harm to U.S. foreign relations. The information withheld would also reveal intelligence sources and methods; foreign government information, and CIA internal practices, organizational data, functions, dissemination, and cable addresses. All reasonably segregable responsive information has been released.

**Case Number:** 06-0960
**Judge's Initials:** HHK

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1340583

**Date of Document:** 03/01/1993

**Document Type:** Report

**Classification:** Secret

**From/To:**

**Subject:** Latin American Military Issues

**Document Pages:** 2

| FOIA Exemptions: | Privacy Act Exemptions: | Disposition: |
|---|---|---|
| ☒ (b) (1) | ☐ (d) (5) | ○ Denied in Full |
| ☐ (b) (2) | ☐ (j) (1) | ● Partial Release |
| ☒ (b) (3) | ☐ (j) (2) | ○ Released in Full |
| ☐ (b) (4) | ☐ (k) (1) | ○ Referred to Third Agency |
| ☐ (b) (5) | ☐ (k) (2) | |
| ☐ (b) (6) | ☐ (k) (5) | |
| ☐ (b) (7) (c) | | |
| ☐ (b) (7) (d) | | |
| ☐ (b) (7) (e) | | |
| ☐ (b) (7) (f) | | |

**Document Description :** Two page document created by the Directorate of Intelligence in March 1993 consisting of title page/table of contents and three separate articles about Latin American military issues. One article consisting of two paragraphs contains information about PEPES and is responsive to Plaintiff's request. The redacted information within the responsive article contains information that is currently and properly classified pursuant to Executive Order 12958 and would reveal intelligence sources and methods, foreign government information and the name of a CIA employee, component of assignment, and CIA internal organization. The remaining articles are not responsive to the request because they contain information about developments in other countries in the world and do not refer to the subjects of Plaintiff's request. Moreover, the information withheld from the unresponsive articles is currently and properly classified pursuant to E.O. 12958 in the interest of national defense or foreign policy and would reveal intelligence sources and methods and foreign government information. In addition, the information withheld would reveal CIA internal practices, organizational data, functions, and the names, employee identification number, phone numbers, and official titles of CIA employees. All reasonably segregable responsive information has been released.

**Case Number:** 06-0960
**Judge's Initials :** HHK

# IPS INDEX

| | |
|---|---|
| **FOIA/PA Request No.:** | F-2004-01528 |
| **Document Number:** | 1340584 |
| **Date of Document:** | 04/20/1993 |
| **Document Type:** | Report |
| **Classification:** | Top Secret |
| **From/To:** | |
| **Subject:** | Colombia: Drug-Related Violence Escalating |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This is a 3 page document consisting of cover page, table of contents, and two discrete articles from a periodical publication. The responsive article concerns Colombia and drug-related violence escalating following a car-bomb attack on PEPES facilities. The redacted portions of this responsive article contain information which is properly classified pursuant to Executive Order 12958 and would reveal intelligence sources and methods and classification controls and markings. The other article is about developments in another country in the world and nonresponsive to the Plaintiff's request. Moreover, this information is properly classified pursuant to E.O. 12958 in the interest of national defense or foreign policy. The information withheld would reveal intelligence activities, intelligence sources and methods, classification codewords and controls, CIA internal practices, organizational data, functions, and the name, room number, and component of assignment of a CIA employee. All reasonably segregable responsive information has been released.

**Case Number: 06-0960**
**Judge's Initials: HHK**

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1340585

**Date of Document:** 04/30/1993

**Document Type:** Report

**Classification:** Top Secret

**From/To:**

**Subject:** Colombia: Extralegal Steps Against Escobar Possible

**Document Pages:** 3

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This is a 3 page document consisting of cover page, table of contents, and one page containing two discrete articles from a periodical publication. The responsive article concerns Columbia and extralegal steps against Escobar and discusses PEPES. The redacted portions of this responsive article contain information that is currently and properly classified pursuant to Executive Order 12958 and would reveal intelligence sources and methods and classification controls and markings. The remaining text is a separate article about another country in the world and nonresponsive to the plaintiff's request. Moreover, the information withheld would reveal information that is properly classified pursuant to E.O. 12958 in the interest of national defense or foreign policy; intelligence activities (including special activities), and intelligence sources and methods; foreign government information, and CIA internal practices, organizational data, functions, and the name, room number, and component of assignment of a CIA employee. All reasonably segregable responsive information has been released.

**Case Number:** 06-0960
**Judge's Initials:** HHK

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1340586

**Date of Document:** 12/03/1993

**Document Type:** Report

**Classification:** Top Secret

**From/To:**

**Subject:** Colombia: Implications of Escobar's Death

**Document Pages:** 3

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This is a 3 page document consisting of cover page, table of contents, and one page containing two separate articles from a periodical publication. The responsive article concerns Columbia and implications of Escobar's death. The redacted portions of this responsive article contain information which is properly classified pursuant to Executive Order 12958 and would reveal foreign government information and information which reveals intelligence sources and methods. The remaining text is a separate article about another country in the world and is nonresponsive to plaintiff's request. Moreover, this information would reveal information that is properly classified pursuant to an E.O. 12958 in the interest of national defense or foreign policy. The material withheld would also reveal intelligence activities (including special activities), intelligence sources and methods, foreign government information, reveal CIA internal practices, organizational data, functions, and the name, room number, and component of assignment of a CIA employee.   All reasonably segregable responsive information has been released.

**Case Number:** 06-0960
**Judge's Initials:** HHK

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1368251

**Date of Document:** 04/01/1993

**Document Type:** Teletype

**Classification:** Confidential

**From/To:**

**Subject:**

**Document Pages:** 9

**FOIA Exemptions:**
- ☐ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ○ Partial Release
- ○ Released in Full
- ● Referred to Third Agency

**Document Description:** This 9 page document was originated by the Drug Enforcement Agency ("DEA"). In accordance with standard procedures, CIA referred this document to the DEA for direct response to the requester. Prior to referring the document, the CIA reviewed and partially released a portion of an addressee line. The remainder of this addressee information was withheld pursuant to FOIA exemption b(3). The information withheld by CIA would reveal CIA internal organization. The remainder of the information is addressed in the DEA declaration.

**Case Number:** 06-0960
**Judge's Initials:** HHK

# IPS INDEX

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-2004-01528 |
| **Document Number:** | 1385928 |
| **Date of Document:** | 05/22/1997 |
| **Document Type:** | Memo |
| **Classification:** | Secret |
| **From/To:** |  |
| **Subject:** | Polygraph Interview |
| **Document Pages:** | 5 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☒ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☒ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This 5 page document consists of a one page internal CIA cable concerning availability of a person and other administrative arrangements for discussion about various allegations, including reference to a plot against a narcotics trafficker; one page containing a case summary of polygraph derived information and case comments; a cover sheet with internal routing information that is nonresponsive to plaintiff's request; and a two page summary of a polygraph interview. The information withheld would reveal information that is properly classified pursuant to an Executive order in the interest of national defense or foreign policy. The information withheld would also reveal intelligence activities (including special activities), intelligence sources, intelligence methods, including polygraph derived information, the location of a covert CIA installation, pseudonyms, and cryptonyms. Additionally, the information withheld would reveal foreign government information, cause harm to foreign relations, and reveal CIA internal practices, organizational data, functions, and the names, initials, office numbers, office locations, employee numbers, telephone numbers, and official titles of CIA employees. The information withheld also constitutes investigatory records, the release of which could disclose investigative techniques and procedures. Third party information, including names, social security numbers, and date and place of birth, are withheld because disclosure of the information would constitute a clearly unwarranted invasion of personal privacy. The nature of the information contained in this document is such that no meaningful information can be segregated for release.

**Case Number: 06-0960**
**Judge's Initials: HHK**

# IPS INDEX

**FOIA/PA Request No.:** F-2004-01528

**Document Number:** 1391030

**Date of Document:** 12/06/1993

**Document Type:** Memo

**Classification:** Secret

**From/To:**

**Subject:** Briefings of NSC and SSCI on "Los Pepes" Affair

**Document Pages:** 3

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This 3 page memorandum for the record contains information from 6 December 1993 briefings of NSC and SSCI on the "Los Pepes" Affair by CIA officers. The information withheld discusses U.S. government activities in support of U.S. foreign policy. The information withheld would reveal information that is properly classified pursuant to an Executive order in the interest of national defense or foreign policy; specific intelligence activities (including special activities). In addition, the information withheld would reveal intelligence sources, intelligence methods, location of a covert CIA installation, foreign government information, and CIA internal practices, organizational data, functions and assignments, signature of a CIA officer, and the names, initials, employee identification number, and official titles of CIA employees, and filing instructions. In accordance with standard procedures, CIA coordinated this document with the DOD and DOS. Both agencies as well as CIA determined certain information to be properly classified pursuant to an Executive order in the interest of national defense or foreign policy, and therefore exempt from release pursuant to FOIA exemption (b)(1). All reasonably segregable responsive information has been released.

**Case Number:** 06-0960
**Judge's Initials:** HHK

# IPS INDEX

FOIA/PA Request No.: F-2004-01528

Document Number: 1397243

Date of Document: 12/27/1993

Document Type: Memo

Classification: Secret

From/To:

Subject: Briefing for HBSCI Staff on Results of "Los Pepes" Panel and on Death of Pablo Escobar

Document Pages: 6

FOIA Exemptions:
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☐ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

Privacy Act Exemptions:
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

Disposition:
○ Denied in Full
● Partial Release
○ Released in Full
○ Referred to Third Agency

Document Description : This is a 6 page memorandum for the record consisting of 2 page cover memorandum and four page attachment from 6 December 1993 briefings of HPSCI staff on results of "Los Pepes" Panel and on the Death of Pablo Escobar. The information withheld discusses developments in Columbia and specific U.S. government activities in support of U.S. foreign policy. The information withheld would reveal information that is properly classified pursuant to an Executive order in the interest of national defense or foreign policy; specific intelligence (including special activities), intelligence sources, intelligence methods, and the locations of covert CIA installations; foreign government information, and CIA internal practices, organizational data, functions, and the names, initials, employee number, and official titles and assignments of CIA employees. In accordance with standard procedures, CIA coordinated this document with other agencies. The DOD, DOS, and NSA determined certain information to be properly classified pursuant to an Executive order in the interest of national defense or foreign policy, and therefore exempt from release pursuant to FOIA exemption (b)(1). NSA also determined that information withheld was exempt pursuant to FOIA exemption (b)(3). The redactions fall within the information described above. With the possible exceptions of one or two limited instances, e.g., names of individuals, the information is independently and coextensively withheld pursuant to (b)(1) and (b)(3). All reasonably segregable responsive information has been released.

Case Number: 06-0960
Judge's Initials: HHK