UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES CENTRAL )<br>INTELLIGENCE AGENCY )<br>)<br>Defendant. )<br>) | Case No. 06-0960 (HHK) |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY SUMMARY JUDGMENT BRIEFING AND TO PERMIT LIMITED DISCOVERY AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, AND MOTION TO SHORTEN TIME AND SUPPORTING MEMORANDUM**

NOTICE OF MOTION AND MOTION

Plaintiff Institute for Policy Studies ("IPS"), by and through its attorneys of record Brian Gaffney and Andrea Ferster, and pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.Proc.") 56(f), hereby moves the Court to stay the Summary Judgment briefing schedule in this action for a period of sixty (60) days in order and to permit Plaintiff to undertake limited discovery related to material facts presented in Defendant Central Intelligence Agency's ("CIA") Supplemental Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment and supporting declarations.

Plaintiff also moves the Court to shorten time in ruling on this motion to stay the Summary Judgment briefing such that the Court rule on this motion prior to the current September 28, 2007 deadline for Plaintiff to file its reply Summary Judgment brief and Opposition to Defendant's

1

Supplemental brief (hereinafter "Reply Brief"). In the absence of an Order shortening time, Local Civil Rule 7(a) requires that Defendant file its opposition to the present motion within 11 days of the date of service of this motion. Local Civil Rule 7(d) requires the Plaintiff file its Reply Brief within five days after service of Defendant's opposition. Plaintiff has conferred with Defendant's counsel regarding the deadline for opposing this motion, and Defendant has informed Plaintiff that the CIA will not stipulate to the shortened time.

Plaintiff's present motion requests that the Court allow Plaintiff 60 days to undertake limited discovery of facts which are in Defendant's exclusive control and that are necessary for Plaintiff to respond to the pending Cross Motions for Summary Judgment. The narrowly-tailored discovery will consist of limited requests for admissions, requests for production, and a deposition of Defendant's Declarant, Ralph S. DiMaio regarding: (1) fact-based inconsistencies between the Declaration of Ralph S. DiMaio and the Declaration of Marilyn Dorn regarding the adequacy of the agency's search, and (2) the foundation and basis for Mr. DiMaio's assertions. *See* Declaration of Brian Gaffney in Support of Plaintiff's Motion to Continue Summary Judgment Pending Limited Discovery ("Gaffney Decl.") at ¶¶ 3–5, filed herewith.

Counsel for Plaintiff has conferred with Defendant's counsel of record regarding this motion, and has been advised that the CIA will oppose this motion.

## POINTS AND AUTHORITIES

The Supreme Court has stated that summary judgment should be entered "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Fed.R.Civ.P. 56(f) provides that a court may continue summary judgment briefing to allow for additional discovery as to material facts, upon a showing by affidavits of a party opposing a summary judgment motion that said party

cannot, for reasons presented in the affidavit, provide facts essential to their opposition, absent such additional discovery. *See* Fed.R.Civ.Proc. 56(f); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). A continuance allowing for additional discovery requested pursuant to Fed.R.Civ.Proc. 56(f) should be freely granted if the party seeking the motion demonstrates by affidavit (or declaration) that there are facts within the other party's exclusive control that are necessary for responding to the material facts presented in a pending motion for Summary Judgment. *International Shortstop*, 939 F.2d at 1267. In FOIA actions, discovery is usually limited to the adequacy of the agency's search and similar matters. *See Schrecker v. United States Dep't of Justice*, 217 F. Supp. 2d 29, 56 (D.D.C. 2002). A material conflict in agency affidavits provides grounds for limited discovery. *Citizens for Responsibility v. National Indian Gaming Commission*, 467 F.Supp.2d 40, 56 (D.D.C. 2006), *citing Long v. U.S. Dep't of Justice*, 10 F.Supp.2d 205, 210 (N.D.N.Y. 1998.)

In the present action, Plaintiff requires the Court to permit limited discovery to determine if there are material facts in dispute as to key factual issues presented for the first time in declarations in support of Defendant's Supplemental Motion For Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment in this action, including: (1) fact-based inconsistencies between the Declaration of Ralph S. DiMaio and the Declaration of Marilyn Dorn regarding the adequacy of the agency's search, and (2) the foundation and basis for Mr. DiMaio's assertions. *See* Gaffney Decl. at ¶¶ 3–5.

These issues are clearly material to the presently pending Cross Motions for Summary Judgment. There exist fact-based inconsistencies between the Declaration of Ralph S. DiMaio and the Declaration of Marilyn Dorn regarding the adequacy of the CIA's search. *Id*. at ¶¶ 3 & 5.

Because of the conflicting facts in the two declarations and the exhibits attached thereto, it is entirely unclear from Defendant's Summary Judgment materials as to whether the Dorn Declaration or the DiMaio Declaration provides the correct factual background regarding (1) the CIA's search methods and the search terms utilized in responding to Plaintiff's June 1, 2004 FOIA request, (2) the process employed by the CIA when referring records to other agencies, (3) the process employed by the CIA when searching CIA directorates in response to Plaintiff's June 1, 2004 FOIA request, and (4) the process employed by the CIA in determining that certain information responsive to Plaintiff's FOIA request would be located in exempt operational files. *Ibid*. Also, Mr. DiMaio claims that both Ms. Dorn's title ("Information Review Officer for the National Clandestine Service") and the authority granted to Ms. Dorn by that title are different than the title ("Deputy Chief of the Policy and Community Action Staff") and authority provided by Ms. Dorn in her own sworn declaration. *See* Gaffney Decl. at ¶¶ 3 & 5. Further, Mr. DiMaio asserts that the FOIA reference number utilized in the Vaughn Index attached to the Dorn Declaration resulted from clerical and/or computer-based errors. *Id*. at ¶ 3. Defendant presents this argument despite the fact that both declarations were provided under penalty of perjury. *Ibid*. Given that Defendant has submitted two factually contradictory declarations under penalty of perjury, limited discovery as to these key factual inconsistencies is required.

On the second issue, Plaintiff requests limited discovery in order to uncover the foundation and basis for Mr. DiMaio's assertions. *Id*. at 4. Mr. DiMaio only assumed the position of Information Review Officer for the National Clandestine Service of the Central Intelligence Agency on June 11, 2007. *Ibid*. Mr. DiMaio did not hold this position at the time of Plaintiff's FOIA request nor at the time the CIA searched and produced records responsive to that request. *Ibid*. As

4

discussed, many of the assertions in Mr. DiMaio's declaration regarding the search methods and processes employed by the CIA when responding to Plaintiff's June 1, 2004 FOIA request are directly contradicted by the Declaration of Marilyn Dorn. *Id*. at ¶¶ 3 & 5. Mr. DiMaio also makes numerous assertions regarding the methods and processes employed by the CIA when responding to Plaintiff's June 1, 2004 FOIA request without providing a proper foundation and basis for his assertions. *Id*. at ¶ 4. Thus, Plaintiff requests discovery limited to the foundation and basis for Mr. DiMaio's assertions.

For all of the reasons set forth herein, and within the Declaration of Brian Gaffney filed herewith, the Court should grant Plaintiff's motion pursuant to Fed.R.Civ.P. 56(f), and allow Plaintiff 60 days to complete the limited discovery requested herein in order to allow Plaintiff to respond to those material issues of fact presented in the declaration in support of Defendant's Supplemental Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment in this action.

In addition, the Motion to Shorten Time should be granted as Plaintiff's summary judgment Reply Brief is currently due, per order of this Court, on Friday, September 28, 2007. *Id*. at ¶ 7. Without an Order shortening time, Plaintiff's Reply Brief will be due before the Court has ruled on this Motion to Stay Summary Judgment Pending Discovery. *Ibid*. As discussed above, the August 21, 2007 filing of Defendant's Supplemental Summary Judgment Motion and Opposition to Plaintiff's Motion for Summary Judgment alerted Plaintiff for the first time of facts which are in Defendant's exclusive control and that are necessary for responding to material facts presented in the pending summary judgment motion. Thus, there is good cause for granting the Motion to Shorten Time.

| | |
|---|---|
| September 13, 2007 | RESPECTFULLY SUBMITTED, |
| /S Brian Gaffney | /S/ Andrea Ferster |
| Brian Gaffney (pro hac vice) | Andrea C. Ferster (#384648) |
| Matt McFarland (pro hac vice) | Attorney at Law |
| LAW OFFICES OF BRIAN GAFFNEY | 1100 17th Street, N.W. 10th Floor |
| 605 Market St., Suite 505 | Washington, D.C. 20036 |
| San Francisco, CA 94105 | Telephone: (202) 974-5142 |
| Telephone: (415) 442-0711 | Facsimile: (202) 331-9680 |
| Facsimile: (415) 442-0713 | |