**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

INSTITUTE FOR POLICY STUDIES )

                     )

           Plaintiff, )

                     )     Case No. 06-0960 (HHK)

    vs. )

                     )

UNITED STATES CENTRAL )

INTELLIGENCE AGENCY )

                     )

          Defendant. )

---

**DECLARATION OF BRIAN GAFFNEY IN SUPPORT OF PLAINTIFF'S MOTION TO STAY SUMMARY JUDGEMENT AND TO PERMIT LIMITED DISCOVERY**

I, Brian Gaffney, declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746:

1.  I am the attorney for Plaintiff Institute for Policy Studies ("IPS") in the above-referenced FOIA action, and make this Declaration in support of Plaintiff's Motion to Stay Summary Judgment Briefing Pending Limited Discovery, and to shorten time in ruling on this motion.

2.  Plaintiff requires a sixty-day continuance in this action in order to undertake limited discovery as to material facts presented for the first time in conjunction with Defendant's Supplemental Motion For Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment in this action, including the Declaration of Ralph S. DiMaio, filed August 21, 2007. These are facts which are in Defendant's exclusive control and that are necessary for Plaintiff to respond to the pending summary judgment motion.

3.  There are fact-based inconsistencies between the Declaration of Ralph S. DiMaio,

1

which was filed on August 21, 2007, and the Declaration of Marilyn Dorn, which was filed on

April 13, 2007, regarding the adequacy of the search conducted by the CIA in response to

Plaintiff's June 1, 2004 FOIA request.  It is entirely unclear whether the Dorn Declaration or the

DiMaio Declaration provides the correct factual background regarding (1) the CIA's search

methods and the search terms utilized in responding to Plaintiff's June 1, 2004 FOIA request, (2)

the process employed by the CIA when referring records to other agencies, (3) the process

employed by the CIA when searching CIA directorates in response to Plaintiff's June 1, 2004

FOIA request, and (4) the process employed by the CIA in determining that certain information

responsive to Plaintiff's FOIA request would be located in exempt operational files.  Also, Mr.

DiMaio claims that both Ms. Dorn's title and the authority granted to Ms. Dorn are different than

the title and authority provided by Ms. Dorn in her sworn declaration.  Further, Mr. DiMaio

asserts that the FOIA reference number utilized in the Vaughn Index attached to the Dorn

Declaration resulted from clerical and/or computer-based errors.  Defendant presents this

argument despite the fact that both declarations were provided under penalty of perjury.

      4.  Plaintiff requests limited discovery in order to uncover the foundation and basis for

Mr. DiMaio's assertions.  Mr. DiMaio assumed the position of Information Review Officer for

the National Clandestine Service of the Central Intelligence Agency on June 11, 2007.  Mr.

DiMaio did not hold this position at the time of Plaintiff's FOIA request nor at the time the CIA

searched and produced records responsive to that request.  Mr. DiMaio was appointed "Records

Validation Officer" for purposes of this litigation.  Because Mr. DiMaio does not provide an

adequate foundation and basis for his claims regarding the CIA's search and production of

records, it is unclear how Mr. DiMaio can support the pre-June 11, 2007 fact-based statements

and conclusions made in his declaration.

5. Mr. DiMaio claims that Marilyn Dorn held the position of Information Review Officer ("IRO") for the National Clandestine Service ("NCS") of the CIA and had been delegated authority to make original classification and declassification determinations, and was also able to exercise Records Validation Officer authorities.  Ms. Dorn, in her April 13, 2007 declaration, does not claim that she held the position of NCS/IRO and instead provides her title as Deputy Chief of Policy and Community Action Staff.  Thus, discovery is necessary to resolve this conflict and determine the foundation and basis for Mr. DiMaio's assertion.

6.  Prior to filing this motion I conferred with Defendant's counsel regarding the issues presented herein and sought to stipulate to the shortened time and the 60 day continuance.  I have been informed that the CIA will oppose this motion and will not stipulate to the shortened time.

7.  Plaintiff's Summary Judgment Reply brief and Opposition to Defendant's Supplemental Summary Judgment brief (hereinafter "Reply Brief") is currently due, per order of this Court, on Friday September 28, 2007.  Without an Order shortening time, Plaintiff's Reply Brief will be due before the Court has ruled on this Motion to Stay Summary Judgment Pending Discovery.  In the absence a 60 day continuance to conduct the narrow discovery detailed above, Plaintiff will not be able to adequately response to the summary judgment briefing.

September 13, 2007                     RESPECTFULLY SUBMITTED,

                                       /S Brian Gaffney
                                       Brian Gaffney (pro hac vice)
                                       LAW OFFICES OF BRIAN GAFFNEY
                                       605 Market St., Suite 505
                                       San Francisco, CA 94105
                                       Telephone: (415) 442-0711
                                       Facsimile: (415) 442-0713