UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 06-0960 (HHK) |
| ) | |
| U.S. CENTRAL INTELLIGENCE ) | |
| AGENCY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO DISCOVERY**

The Defendant, the U.S. Central Intelligence Agency, ("Defendant"), by and through its undersigned counsel, respectfully files this opposition to the Plaintiff's request for discovery.

ARGUMENT

"Discovery in a FOIA action is generally inappropriate." Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000); see e.g., Allen v. U.S. Secret Service, 335 F. Supp.2d 95, 100 (D.D.C. 2004) (same); Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); Pub. Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998( ("Discovery is to be sparringly granted in FOIA actions.") *aff'd in part, rev'd in part & remanded*, 185 F.3d 898 (D.C. Cir. 1999). Although an agency's FOIA declarations are to be accorded a presumption of good faith, when there is evidence of some wrongdoing such as illegal destruction of documents, or a material conflict in agency affidavits, limited discovery has been allowed. Citizens for Responsibility and Ethics in Washington v. National Indian Gaming Commission, 467 F. Supp. 2d 40, 56 (D.D.C. 2006) (citations omitted). "It is well-settled in a FOIA action, the court must "deny

discovery when the affidavits are sufficiently detailed and submitted in good faith.  Further, discovery should be denied if the district court determines that plaintiff merely desires discovery as a means of finding 'something that might impugn the affidavits' submitted by the agency." Allen v. U.S. Secret Service, 335 F. Supp.2d at 100; (citations omitted).  Here, the agency has submitted three detailed declarations describing the search methods employed, and answering the questions posed by Plaintiff.  Plaintiff has not established that the declarations are incomplete or made in bad faith.  Furthermore, the Plaintiff has not shown any material conflicts in the declarations.  Accordingly, Plaintiff simply has not demonstrated the need for discovery.

Plaintiff argues that discovery is needed because alleged "conflicting facts in the two declarations [filed by the CIA] and the exhibits attached thereto,"  make it unclear "whether the Dorn Declaration or the DiMaio Declaration provides the correct factual background" regarding the adequacy of CIA's search.  Declaration of Brian Gaffney ("Gaffney Decl.") at ¶¶ 3-5. However, Plaintiff fails to identify any specific "fact-based" instances where the two declarations filed by CIA are in conflict with respect to CIA's records search.  The only facts that the Plaintiff identifies do not relate to the CIA's search.  Moreover, the facts that the plaintiff identifies either do not conflict or do not constitute material conflicts.

I.     Ms. Dorn's title and authority

The Plaintiff notes that Ms. Dorn is identified in her declarations by one title and authority and is identified in Mr. DiMaio's declaration by a second title and authority.  Plt. Mt for Discovery, p. 4.  However, as Mr. DiMaio explained, Ms. Dorn held two positions concurrently.  "[A]lthough Marilyn Dorn's title was Deputy Chief, Policy and Community Action Staff, Ms. Dorn also served as NCS/IRO," at the time of the events she described.

Declaration of Ralph S. DiMaio ("DiMaio Decl.") at ¶ 5.  Plaintiff does not, and cannot, dispute this statement, but instead attempts to portray it as a factual discrepancy.  This is not a case of "one or the other" declaration providing the correct factual background.  Rather than providing conflicting information about Ms. Dorn, the DiMaio Declaration clarifies and supplements the Dorn Declarations.  Therefore, the Court should deny discovery in this case.

II.     Vaughn Index reference number

Plaintiff also cites the FOIA reference number utilized in the Vaughn Index attached to the Dorn declaration as another shortcoming in the Dorn declaration.  This factual "inconsistency" is simply a correction of an inadvertent administrative error.  All other information on each page clearly referred to plaintiff's request and only the reference number was incorrect.  Mr. DiMaio's declaration (DiMaio Decl. at ¶ 21.) explained that the reference number of another FOIA case with a Vaughn index was inadvertently carried over and automatically printed on each page of the index for this case.  The Vaughn index was reprinted with the correct number of plaintiff's request and attached to Mr. DiMaio's Declaration.  This inadvertent error has no bearing on material facts relating to the adequacy of CIA's record search.  Therefore, Plaintiff's request for discovery should be denied.

III.    Mr. DiMaio is an appropriate declarant

Plaintiff incorrectly argues that since Mr. DiMaio "only assumed the position of Information Review Officer for the National Clandestine Service" on 11 June 2007 (Gaffney Decl. at ¶ 4) that his declaration was inappropriate as it cannot be based on the declarant's first-hand knowledge.  The Plaintiff further argues that discovery should be allowed as to the foundation and basis for Mr. DiMaio's assertions.

However, the declaration of an agency official who is knowledgeable about the way in which information is processed in response to FOIA requests and is familiar with the documents at issue satisfies the personal knowledge requirement of Fed R. Civ. P. 56(e).  See e.g., Spannaus v. U.S. Dept. of Justice, 813 F.2d 1285 (4th Cir. 1987), at 1289 (holding that declarant's attestation "to his personal knowledge of the procedures used in handling [the] request and his familiarity with the documents in question" is sufficient); Schrecker v. U.S. Dep't of Justice, 217 F. Supp.2d 29, 35 (D.D.C 2002) (rejecting argument that affidavit was hearsay because affiant was "responsible for the FBI's compliance with FOIA litigation and is therefore not merely speculating about the FBI's activities"), *aff'd* 349 F.3d 657 (D.C. Cir 2003); Coleman v. FBI, No. 89-2773, slip op. At 8-9 (D.D.C. Dec. 10, 1991) ("The law does not require the affiant preparing the Vaughn Index to be personally familiar with more than the procedures used in processing the particular request."), *summary affirmance granted*, No. 92-5040 (D.C. Cir. 1992).

Mr. DiMaio's declaration is "based upon [his] personal knowledge and information provided to him in his official capacity."  DiMaio Decl. at ¶ 6.  As the NCS/IRO, Mr.DiMaio is thoroughly familiar with the procedures by which the CIA responds to FOIA requests.  As the CIA's records validation officer for this case, Mr. DiMaio also has full access to all relevant records and files relating to this case.   Further, as Mr. DiMaio indicated in his declaration, he "reviewed plaintiff's FOIA request" (Id. at ¶ 15) and "personally reviewed both the index and the documents it describes." Id. at ¶ 21.  Thus, it was appropriate for Mr. DiMaio, who is familiar with both the CIA FOIA procedures and this case, to provide the supplemental declaration.  Therefore, Plaintiff's request for discovery into the basis of Mr. DiMaio's assertions

is meritless and should be denied.

## CONCLUSION

For the reasons stated above, the Court should deny Plaintiff's request for discovery.

Dated: October 1, 2007            Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153