UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INSTITUTE FOR POLICY STUDIES | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 06-0960 (HHK) (JMF) |
| | ) | |
| U.S. CENTRAL INTELLIGENCE AGENCY | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR RECONSIDERATION

Due to the mis-calendaring of the due date, the Defendant, the U.S. Central Intelligence Agency ("Defendant"), filed two business days late its opposition to Plaintiff's request for discovery in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Upon realizing the error, the Defendant requested that the Court grant a motion to extend the due date *nunc pro tunc*. On December 18, 2007, Magistrate Judge Facciola denied Defendant's nunc pro tunc motion, treated the Plaintiff's motion for discovery as conceded and granted Plaintiff's motion for discovery. The Defendant, respectfully moves this Court pursuant to Local Rule 72.2(b) to reconsider the decision to deny the *nunc pro tunc* motion and to treat as conceded the Plaintiff's motion for discovery.

### BACKGROUND

The parties have done extensive briefing on the merits of the instant case. The Defendant filed an answer and a motion for summary judgment in response to the first complaint. In response to the amended complaint, the Defendant filed a second answer, a second motion for summary judgment, and a supplemental memorandum. The Plaintiff filed its own motion for summary judgment as well as an opposition to Defendant's dispositive motions. The Defendant

filed an opposition to Plaintiff's summary judgment. The Plaintiff then filed a motion for discovery.

Defendant's opposition to Plaintiff's motion for discovery was due September 28, 2007. The undersigned, however, incorrectly believed the opposition was due October 1, 2007 and filed the opposition on October 1, 2007. Plaintiff filed its motion after the end of the business day on Thursday, September 13, 2007 at 6:38 PM. The undersigned inadvertently calendared the due date two business days late, as October 1, 2007.[1] Due to the mis-calendaring of the due date, the Defendant filed its opposition on the wrong day. The Court struck the filing, noting that it was untimely. Immediately upon realizing the error, the Defendant filed an unopposed motion to extend the due date nunc pro tunc to October 1, 2007. Plaintiff's counsel indicated that Plaintiff would not oppose Defendant's request for relief. On December 18, 2007, Magistrate Judge Facciola denied the nunc pro tunc motion.

## ARGUMENT

**I.    The Court should grant the motion to extend nunc pro tunc**

The district court has discretion, pursuant to Fed. R. Civ. P. 6(b) to grant a motion to extend nunc pro tunc.[2] Rule 6(b) states that "the court for cause shown may at any time in its discretion ... permit the act to be done where the failure to act was the result of excusable

---

[1] The undersigned suspects that she may have opened the ECF notification on Monday the 17th of September and miscalculated the due date from the 17th.

[2] On October 1, 2007, the Court referred Plaintiff's motion to stay summary judgment briefing and permit discovery to Magistrate Judge Facciola. The Court did not refer Defendant's unopposed motion to extend *nunc pro tunc*. The Magistrate Judge apparently overstepped his delegated authority in denying the *nunc pro tunc* motion. This is an alternative basis for the Court to reconsider and grant the *nunc pro tunc* motion.

neglect. Fed. R. Civ. P. 6(b). The question of whether attorney error may constitute "excusable neglect" is within the discretion of the district court. In re: Vitamins Antitrust Class, 327 F.3d 1207 (D.C. Cir. 2003) (upholding district court decision that counsel's neglect in failing to timely opt out of the class settlement was excusable). The Supreme Court addressed the meaning of "excusable neglect" in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). The Court set forth factors to consider when determining what kind of neglect will be considered "excusable." These include: (1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 395.

     This Circuit has refused to adopt "a per se rule that garden variety attorney inattention can never constitute excusable neglect." In re: Vitamins Antitrust Class, 327 F.3d at 1210 (recognizing that "some of our sister circuits have suggested that certain types of attorney neglect can never constitute excusable neglect" and declining to adopt such a per se rule). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' ... is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. at 1496. Discussing the Pioneer factors, the Court of Appeals in In re Vitamins Antitrust Class, upheld the district court decision that counsel's neglect in failing to timely opt out of the class settlement was excusable. The district court found that Defendant would not be substantially prejudiced by plaintiff's untimely opt-out; that the length of the delay was short and would not impact judicial proceedings; and that there was

no indication that the Plaintiff had acted in bad faith. The court also found that the reason for the delay was within Plaintiff's reasonable control but that the other factors outweighed the impact of this finding.

In Yesudian v. Howard Univ., 270 F.3d 969 (D.C. Cir. 2001), the Court of Appeals affirmed the district court's enlargement of time for a litigant to make a filing notwithstanding the lack of any explanation respecting "excusable neglect" or a motion specifically requesting such relief. In Yesudian, the one week delay was caused by mistaken reliance on local rather than federal rules. The Court of Appeals noted that there was a lack of any prejudice to plaintiff, that the delay was brief and as for the error, "[f]oolish as this may have been, there is no suggestion of bad faith." Yesudian, 270 F.3d 971.[3]

Like Yesudian and In re Vitamins Class Action, in the instant case, the district court found that "[a]t least three of the four Pioneer factors favor the defendant." December 18, 2007 Mem Op., p. 5. The length of the delay (two business days) was short and would not impact judicial proceedings; and that there was no indication that Defendant had acted in bad faith. The court also found that the reason for the delay (miscalendaring of the due date) was within Defendant's reasonable control. Mem Op., p. 5. Because the other Pioneer factors outweigh the impact of this finding - as they did in In re: Vitamins Antitrust Class C and Yesudian,- a finding of excusable neglect is proper and the Court in its discretion may grant Defendant's nunc pro tunc motion.

In the December 18, 2007 Memorandum Opinion, the Court appears to adopt the

---

[3] In addition, the district court noted the general preference for resolving cases on the merits. Yesudian, 270 F.3d 971.

approach that the Court of Appeals specifically rejected, "a per se rule that garden variety attorney inattention can never constitute excusable neglect." In re: Vitamins Antitrust Class, 327 F.3d at 1210.  Despite the fact that the Court found that "three of the four Pioneer factors favor the Defendant," the Court found that because "a simple look at the docket" could have remedied the error of miscalendaring the due date, the filing error was not a result of excusable neglect. But see In re: Vitamins Antitrust Class, 327 F.3d at 1210; Yesudian v. Howard Univ., 270 F.3d 971.

Rather than weighing and considering all four of the Pioneer factors, the Court appears to consider only the "remaining Pioneer factor - fault."  The Court of Appeals for this Circuit has not placed such a controlling weight on this factor alone.  To the contrary, in both In re: Vitamins Antitrust Class and Yesudian, the Court of Appeals applied the excusable neglect standard without dispositive emphasis on any particular Pioneer factor.  See In re: Vitamins Antitrust Class, 327 F.3d at 1210; Yesudian, 270 F.3d 971; see also In re 50-Off Stores, Inc., 220 B.R. 897, 901 (Bankr. W.D. Tex. 1998) (noting that in conducting the Pioneer analysis, "[n]o single circumstance controls, nor is a court to simply proceed down a checklist ticking off traits. Instead, courts are to look for a synergy of several factors that conspire to push the analysis one way or the other.") cf. Wilson v. Prudential Fin., 218 F.R.D. 1, 3 (D.D.C. 2003) (fault is the "key factor" in excusable neglect analysis).  By over emphasizing the "fault" factor (so that it outweighs all of the other factors combined) the Court in effect disregarded this Circuit's decision that an attorney mistake can constitute excusable neglect.

As the Court noted, among the federal circuits, "there is no consensus whether mistake suffices as excusable neglect."  See e.g., Pincay v. Andrews, 389 F.3d 853, 858-860 (9th Cir.

2004); (upholding finding of excusable neglect where an attorney delegated calendar duties to a paralegal, who ultimately misread the Federal Rules and calendared a deadline for an appeal incorrectly); Green v. Adm'rs of the Tulane Educ., 284 F.3d 642 (5th Cir. 2002) (affirming over a Rule 6(b) objection, district court's *sua sponte* decision to permit litigant to file a Rule 54 motion for costs outside the time provided for in the Federal Rules of Civil Procedure); Walter v. Blue Cross & Blue Shield United of Wisc., 181 F.3d 1198, 1201-02 (11th Cir. 1999) (where motion to set aside default judgment was untimely, secretary's clerical error in failing to record deadline was excusable neglect.); Tran v. Captain Glyn. Inc., 909 F. Supp. 727, 731 (D. Hawaii 1995) (permitting litigant to file late cross-motion for summary judgment and opposition to opponent's motion for summary judgment); see also Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995) (district court did not err in accepting motion for summary judgment one day late); cf. Crutcher v. Coleman, 205 F.R.D. 581, 586 (D. Kan 2001) (allowing defendant to file answer six months after original deadline, notwithstanding her failure to provide "an adequate reason[,]" where failure caused no prejudice to the plaintiff); but see e.g. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 (8th Cir. 2000) (holding misapplication of procedural rules was not excusable neglect); Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994) (determining that an attorney's mistake calculating the time to file a motion for attorney's fees did not amount to excusable neglect); Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984) (upholding district court's refusal to accept untimely opposition to motion to dismiss where proffered excuse was "inadvertence or oversight of counsel").

  Despite the lack of consensus among the federal circuits, however, this Circuit has determined that an attorney mistake may constitute excusable neglect. See In re: Vitamins

Antitrust Class, 327 F.3d at 1210; Yesudian, 270 F.3d 971.[4]  In the instant action, three of the four Pioneer factors favor the Defendant.  Moreover, Defendant's counsel's inadvertent two business days late-filing of Defendant's opposition is not indicative of such fault as to outweigh the other three factors and justify the extreme action taken by the Court.  Therefore, it would be proper for the Court to grant the Defendant's motion to extend *nunc pro tunc*.

## II.    The Court should reconsider the grant of Plaintiff's motion for discovery

Although the Court has the power to treat a motion as conceded where an opposition is not filed pursuant to Local Rule 7(b), the Defendant requests that the Court reconsider such action.  In the interest of judicial economy as well as the economy of the resources of both parties, the Defendant believes that the Court at the very least should review Plaintiff's motion for discovery on the merits as discovery is generally unavailable in FOIA actions.  Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003).

## CONCLUSION

Therefore, the Defendant requests that the Court grant the motion to *extend nunc pro tunc* and review and consider the Plaintiff's motion for discovery on the merits .

---

[4]  In In re: Vitamins Class Action, the Court of Appeals specifically noted and doubted the applicability of the precedents from other circuits that found no excusable neglect in an attorney's failure to timely file a notice of appeal.  See e.g., Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 370 (2d Cir. 2003); Lowry v. McDonnell Douglas Crop., 211 F.3d 153, 158 (7th Cir. 1996); Advanced Estimating Sys., inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997).  The Court of Appeals for the DC Circuit "doubt[ed] the applicability of such precedents to the present case because each involves an attorney's failure to file a timely notice of appeal, an issue of special interest to the courts of appeal. . . . By contrast, the current case involves a case-management decision in a complex class action, in which district court discretion is at its greatest."  In re: Vitamins Class Action, at 1210.  Similarly, the instant action involves a case management decision and not a notice of appeal.

Dated: December 28, 2007               Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153