# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| INSTITUTE FOR POLICY STUDIES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-0960 (HHK) (JMF) |
| vs. | ) | |
| | ) | |
| UNITED STATES CENTRAL | ) | |
| INTELLIGENCE AGENCY | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S OBJECTIONS[1] TO ORDER DENYING *NUNC PRO TUNC* MOTION AND GRANTING PLAINTIFF'S MOTION FOR DISCOVERY

---

[1] As of April 10, 2007, a party may object to a magistrate's ruling, but are not to call it a motion for reconsideration.  LCvR 72.2(b).  Plaintiff will treat Defendant's "Motion for Reconsideration" as objections to the Magistrate's ruling.

# INTRODUCTION

The Magistrate's December 18, 2007 Memorandum and Order denying Defendant's Nunc Pro Tunc motion and permitting Plaintiff to conduct discovery was not "clearly erroneous or contrary to law." First, Defendant has never filed a motion for enlargement of time or submitted evidence of excusable neglect. Second, Defendant's reference to late filing did not constitute excusable neglect because 1) the purported reason for the delay is not valid, 2) the delay was within Defendant's reasonable control, and 3) Defendant's delay exhibits bad faith. Third, equity is served by requiring all parties to comply with the Federal Rules of Civil Procedure and by allowing Plaintiff to conduct the limited discovery requested. Thus, the Magistrate's December 18th Memorandum and Order should not be modified or set aside.

# BACKGROUND

The Underlying Motion for Discovery

On September 13, 2007, Plaintiff Institute for Policy Studies filed its Motion to Stay Summary Judgment Briefing and to Permit Limited Discovery [Docket # 44] to uncover the foundation and basis for declarants' statements and because of inconsistencies between the April 13, 2007 Declaration of Marilyn Dorn (Docket # 23) and the August 20, 2007 Declaration of Ralph S. DiMaio (Docket # 40) regarding Defendant's search for responsive FOIA records, including declarants' authority to exempt records, positive indications of overlooked materials including contradictory Vaughn Index reference numbers, the dates of Defendant's search for records, and the adequacy of Defendant's search methods.

In FOIA actions, discovery is permitted to ascertain the adequacy of the agency's search and similar matters. Schrecker v. United States Dep't of Justice, 217 F. Supp. 2d 29, 56 (D.D.C. 2002). A material conflict in agency affidavits clearly provides grounds for limited discovery. Citizens for Responsibility v. National Indian Gaming Commission, 467 F.Supp.2d 40, 56 (D.D.C. 2006) citing

Long v. U.S. Dep't of Justice, 10 F.Supp.2d 205, 210 (N.D.N.Y. 1998.)  Discovery is necessary here because material facts pertinent to the pending summary judgment motions are within Defendant's exclusive control.  See International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

Defendant's Failure to Timely Oppose Motion for Discovery

      After Plaintiff filed its discovery motion on September 13, 2007, Defendant had until September 27, 2007 to file its opposition. (LCvR 7(b); Fed. R. Civ. P. 6(d).)  In the interim, the court issued 3 minute orders, which Defendant received electronically.  Hon. Henry Kennedy issued a minute order on September 22, 2007 that plaintiff was not required to file its summary judgment reply brief.  On September 25, 2007, the Hon. Henry Kennedy ordered referral of the matter to Magistrate Judge John M. Facciola. [Docket #45]. On the morning of October 1, 2007, Magistrate Facciola entered an Notice to Counsel to enter his initials on pleadings in this matter.  Not until the end of the day of October 1, 2007 did Defendant file its Opposition to Discovery.  However, Defendant did not file a motion for enlargement of time or a declaration of excusable neglect on October 1st or in the week that followed.

      On October 9, 2007, this Court issued a minute order striking Defendant's Opposition to Discovery specifically because it was untimely and "was not accompanied by a motion evidencing excusable neglect pursuant to Rule 6(b) of the Federal Rules of Civil Procedure," and referencing Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005).

      In response, Defendant did not object to the Magistrate's ruling, did not file a motion to enlarge time as instructed by the Court, and did not provide an affidavit evidencing excusable neglect.  Instead, Defendant chose to file a one page "Motion to Extend Nunc Pro Tunc" which did not address  excusable neglect.  Because Plaintiff did not believe that Defendant's Nunc Pro Tunc Motion complied with the Federal Rules of Civil Procedure or this Court's October 9th minute order,

Plaintiff did not oppose the improper procedure Defendant chose to employ. Declaration of Brian Gaffney in Opposition to Defendant's Objections to December 18, 2007 Memorandum and Order, ¶¶4-5.

On December 18, 2007, this Court issued a detailed twelve page Memorandum Opinion and an Order denying Defendant's Nunc Pro Tunc Motion and granting Plaintiff permission to conduct discovery. Defendant filed its "Motion for Reconsideration" on December 28, 2007.

## STANDARD IN REVIEW OF OBJECTIONS TO MAGISTRATE'S RULING

Objections to a magistrate's ruling must specifically designate the order or part thereof to which objection is made, and the basis for the objection. LCvR 72.2(b). The district judge may modify or set aside any portion of a magistrate judge's order "found to be clearly erroneous or contrary to law." LCvR 72.2 (c).

## ARGUMENT

## I.   DEFENDANT NEVER FILED A MOTION FOR ENLARGEMENT OF TIME OR SUBMITTED EVIDENCE OF EXCUSABLE NEGLECT.

Defendant's opposition to Plaintiff's Motion for Discovery was due September 27, 2007 for electronic filing. (LCvR 7(b); Fed. R. Civ. P. 6(d).) However, Defendant waited four (4) days until October 1, 2007 to file their Opposition to Discovery

After the time to respond has expired, the law allows late filing on motion because of excusable neglect. (Fed. R. Civ. P. Rule 6(b).) Post deadline extensions may be granted only "for cause shown" and "upon motion." Lujan v. National Wildlife Federation, 497 U.S. 871, 896 (1990). In the absence of a motion for an extension, it is an abuse of discretion to consider a late filed motion. Smith, 430 F.3d at 457.[2]

Defendant does not dispute that it has never filed a motion for enlargement of time. Even

---

[2] Smith is not addressed in Defendant's "Motion for Reconsideration" or Nunc Pro Tunc Motion.

after being specifically instructed by the Magistrate Judge on October 9th why the Court was striking

its Opposition to Discovery, Defendant did not file a motion for enlargement of time.

Instead, Defendant proceeded by filing a Motion Nunc Pro Tunc, citing no rule or other

authority justifying this procedure. The predominant view is that such motions are only available

to correct mistakes in the record, and cannot be used to rewrite history. The D.C. Circuit has

described nunc pro tunc motions as follows.

> "Nunc pro tunc" is a fancy phrase for backdating. Translated as "now for then" it is an
> ancient tool of equity designed to give retroactive effect to the order of a court. See, e.g.,
> Mitchell v. Government, 103 U.S. 62, 65 (1880). Courts have not been consistent in their use
> of this power. One line of authority holds that the "power to amend ... must not be
> confounded with the power to create" and limits nunc pro tunc relief to situations in which
> a clerical error creates a defect in the record that a nunc pro tunc order can relieve. See
> Gagnon v. United States, 193 U.S. 451, 457-59 (1904); Welfare & Annuity Funds v.
> Griffee, 198 F.3d 642, 644 (7th Cir. 1999) ("[T]he only proper office of a nunc pro tunc
> order is to correct a mistake in the records; it cannot be used to rewrite history."). While this
> formulation appears to predominate, there are other cases that speak of nunc pro tunc orders
> and judgments which supply "action[s] that did not occur on the earlier date." In re Auto-
> Train Corp., 810 F.2d at 275 (citing In re Triangle Chems., Inc., 697 F.2d 1280, 1288-89 (5th
> Cir. 1983)). On several occasions, this court has directed agencies to readjudicate matters
> retroactive to the date of the initial determination, often--but not always--invoking the Latin
> phrase in our opinion. See Ethyl Corp. v. Browner, 67 F.3d 941, 945 (D.C. Cir. 1995), and
> cases there cited.

Sierra Club v. Whitman 285 F.3d 63, 67 (D.C.Cir. 2002) (citations omitted). "A nunc pro tunc order

should be granted or refused, as justice may require in view of the circumstances of the particular

case." Mitchell v. Government, 103 U.S. 62, 65 (1880). This rule of practice applies "both in courts

of law and of equity." Id. at 65-66; see United States v. Hall, 214 F.3d 175, 176 (D.C.Cir.

06/02/2000) (district court's nunc pro tunc order was a nullity). Here, Defendant does not seek to

correct a clerical mistake in the Court's records, but to treat its nunc pro tunc as a motion to enlarge.

However, as the Magistrate Judge correctly reasoned, a request for an extension under Rule

6(b)(1)(B) should be made upon formal application for an order in compliance with the provisions

of Rule 7(b)(1) relating to motions. Any post-deadline motion "must contain a high degree of

formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond." <u>Lujan</u>. 497 U.S. at 896, n.5.

Moreover, Defendant has never filed an affidavit or declaration showing excusable neglect. No declaration accompanied Defendant's Opposition to Discovery, Defendant's Nunc Pro Tunc Motion, nor Defendant's December 28, 2007 "Motion for Reconsideration."   Statements made without a declaration under penalty of perjury lack the requisite indicia of reliability. LCvR 11.2, 49.1(g). Because Rule 7(b)(1)(B) requires that an application to enlarge time state the basis with particularity, the mere assertion of excusable neglect unsupported by facts is insufficient. <u>Casanova v. Marathon Corp</u>., 499 F. Supp. 2d 32, 34 (D.D.C. 2007).  Therefore, the Magistrate's December 18th Memorandum and Order should not be modified or set aside.

## II.   COUNSEL'S REFERENCE TO LATE FILING DOES NOT CONSTITUTE EXCUSABLE NEGLECT.

Determination of excusable neglect considers the four <u>Pioneer</u> factors:

(1) the danger of prejudice to the opposing party
(2) the length of delay and its potential impact on judicial proceedings
(3) the reason for the delay, including whether it was within movant's reasonable control, and
(4) whether the movant acted in good faith.

<u>In re Vitamins Antitrust Class Action</u>, 327 F.3d 1207, 1209 (D.C. Cir. 2003) <u>citing</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

### A.    Defendant's Reason for Delay Does Not Constitute Excusable Neglect

Fault is "perhaps the most important single factor" in determining excusable neglect. <u>Webster v. Pacesetter, Inc</u>., 270 F. Supp. 2d 9, 14-15 (D.D.C. 2003) (internal quotations and citations omitted); see also <u>Wilson v. Prudential Fin</u>., 218 F.R.D. 1, 3 (D.D.C. 2003) (fault is the "key factor" in excusable neglect analysis).

Defendant claims its delay in timely filing an Opposition to Discovery resulted from "mis-calendaring of the due date."  While there is no per se rule regarding excusable neglect, the U.S.

Supreme Court has held that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." <u>Pioneer</u>, 507 U.S. at 392. "Were the court to find that counsel's act of inadvertently overlooking a filing deadline is excusable neglect then the standard would be rendered meaningless." <u>Ramseur v. Barreto</u>, 216 F.R.D. 180, 182 (D.D.C. 2003)

In <u>Cobell v. Norton</u>, 213 F.R.D. 42 (D.D.C. 2003), plaintiffs alleged that lateness in filing a responsive motion "resulted from a good faith misunderstanding regarding the date they were required to respond." The Department of Interior argued that plaintiffs' admitted inadvertent miscalculation of the date to respond was *not* excusable neglect. The Honorable Judge Lamberth agreed that there was no excusable neglect, and struck plaintiffs' late filed motion. <u>Id</u>. at 42-43. The court found persuasive that, as here, plaintiffs failed to file any motion seeking relief under Rule 6(b)(2). Even if no prejudice shown, "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure." <u>Ibid</u>.

"Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines."). <u>Halmon v. Jones Lang Wootton USA</u>, 355 F. Supp. 2d 239, 244 (D.D.C. 2005); see also <u>Fox v. Am. Airlines</u>, 389 F. 3d 1291, 1294 (D.C. Cir. 2004) (parties are "obligated to monitor the court's docket"). Inadvertently overlooking a filing deadline and later to be reminded of it does not constitute excusable neglect. <u>Ramseur</u>, 216 F.R.D. at 182.

Defendant clearly had control over the filing of its opposition brief. <u>Wilson</u>, 218 F.R.D. at 6. Defendant has failed to prove excusable neglect. Therefore, the December 18th Memorandum and Order should not be set aside or modified.

B.    <u>Defendant Has Acted in Bad faith</u>

It is unreasonable for Defendant to argue that it was *surprised* that the Motion for Discovery was filed on September 13, 2007 and thus its opposition was due September 27, 2007.

First, electronic filing date-stamps the date of filing at the top of each page of each document

filed. Thus even if Defendant opened the ECF notification on September 17, Defendant could not have missed the date of the incoming ECF in its email inbox nor the date stamp at the top of each page of Plaintiff's Motion for Discovery.

Second, between September 13, 2007 and Defendant filing its opposition on October 1, 2007, this Court issued 3 minute orders, two prior to September 27, 2007.[3] On each occasion Defendant was alerted by ECF of activity in this case, thus drawing Defendant's attention to the docket in this matter, and allowing Defendant an opportunity to correct its mis-calendaring of the filing deadline.

Third, as argued above, Defendant has never filed a motion for excusable neglect with a supporting affidavit. Instead, Defendant's excuse has been allocated to a footnote in a Nunc Pro Tunc Motion.

Finally, prior to filing the Motion to Permit discovery, Plaintiff's counsel conferred with Defendant's counsel and sought to stipulate to stay summary judgement and permit discovery. *See* Declaration of Brian Gaffney in Support of Plaintiff's Motion to Stay Summary Judgement and to Permit Limited Discovery, ¶6 (Docket # 44). Defendant stated that it would oppose the motion and would not stipulate.[4] (*Ibid*.) Thus, Defendant was aware that Plaintiff's Motion for Discovery was forthcoming and that Defendant would need to allocate resources to timely oppose such motion.

---

[3] On September 22, 2007 the Hon. Henry Kennedy issued a minute order that plaintiff was not required to file its reply brief until the court resolves plaintiff's motion to stay summary judgment briefing schedule and permit discovery. On September 25, 2007, the Hon. Henry Kennedy ordered referral of the matter to Magistrate Judge John M. Facciola. [Docket #45]. On the morning of October 1, 2007, Magistrate Facciola entered an Notice to Counsel to enter his initials on pleadings in this matter.

[4] If Defendant had stipulated to a 60 day stay of summary judgment briefing, discovery would likely have been completed by November 27, 2007.

### III.    Equity Favors Upholding the Magistrate's December 18th Memorandum and Order and Allowing Plaintiff to Conduct the Requested Limited Discovery

The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.   Equity favors upholding the Memorandum and Order.

First, "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules." Cobell, 213 F.R.D. at  42-43.

Second, Defendant' delay in opposing Plaintiff's Motion to Permit Discovery does not occur in isolation.   Delay is at the root of this FOIA litigation.   Over three and a half years ago have elapsed since Plaintiff requested records from Defendant.[5]   Further, delay obstructs Plaintiff from obtaining those records.

Third, Plaintiffs' underlying Motion for Discovery is not a final adjudication of the merits of this action, but solely to permit conduct discovery regarding the foundation and basis for declarants' statements and because of inconsistencies between declarants' statements. See page 1, infra, and Docket # 44.   The law is clear that in FOIA actions, discovery is permitted to ascertain the adequacy of the agency's search and similar matters.  Schrecker, 217 F. Supp. 2d at 56.   A material conflict in agency affidavits clearly provides grounds for limited discovery. Citizens for

---

[5] On June 1, 2004, IPS requested records from Defendant using four search terms and requested a waiver of all fees.  Defendant's FOIA compliance was due 20 business days after receipt of the request. By letter dated June 29, 2004, Defendant acknowledged receipt of IPS' request, stated it had only searched its "database of previously released documents" and had only used two search terms, and denied the fee waiver request. When nothing further was forthcoming from Defendant after three months, IPS filed an administrative appeal.  While decisions on FOIA administrative appeals are due in 20 business days, Defendant responded that IPS must expect a delay in receiving Defendant's appeal decision.   IPS wrote to Defendant urging immediate resolution of this FOIA request on February 16, 2005 and again on April 6, 2005. Defendant's respond on May 13, 2005 was that it was "still processing" the FOIA  appeal.  On May 23, 2006 Plaintiff filed its complaint.  See Complaint and Declaration of Paz y Mino. [Docket #33].

Responsibility, 467 F.Supp.2d at 56.

## IV.    The Motion of Discovery is Properly Deemed Conceded

The Magistrate Judge properly treated the motion to permit discovery as conceded as Defendant has failed to demonstrate excusable neglect in the untimely filing of its opposition.  The magistrate judge has noted numerous similar examples in this district court. See Syska Hennessey Group Const., Inc. v. Black, No. 06-CV-486, 2007 WL 2908746, at *1 (D.D.C. Oct. 1, 2007; Davenport v. U.S., No. 07-CV-56, 2007 WL 2122394, at *1 (D.D.C. July 24, 2007) (granting as conceded defendant's motion to dismiss where plaintiff failed to file an opposition); Wilson, 218 F.R.D. at 3 (granting as conceded defendant's motion to dismiss where plaintiff filed untimely opposition without demonstrating excusable neglect); Ramseur, 216 F.R.D. at 182-83.

## CONCLUSION

The Magistrate's December 18, 2007 Memorandum and Order denying Defendant's Nunc Pro Tunc motion and permitting Plaintiff to conduct discovery were grounded in law and fact. Thus, the December 18, 2007 Memorandum and Order should not be modified or set aside.

January 11, 2008                                     RESPECTFULLY SUBMITTED,


/S Brian Gaffney                                    /S/ Andrea Ferster
Brian Gaffney (pro hac vice)             Andrea C. Ferster (#384648)
Matt McFarland (pro hac vice)         Attorney at Law
LAW OFFICES OF BRIAN GAFFNEY      1100 17th Street, N.W. 10th Floor
605 Market St., Suite 505                    Washington, D.C. 20036
San Francisco, CA 94105                     Telephone: (202) 974-5142
Telephone: (415) 442-0711               Facsimile: (202) 331-9680