UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **INSTITUTE FOR POLICY STUDIES,** ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 06-960 (RCL) | |
| ) | | |
| **UNITED STATES CENTRAL** ) | | |
| **INTELLIGENCE AGENCY,** ) | | |
| Defendant. ) | | |

## MEMORANDUM OPINION

This case comes before the Court on defendant's Motion [187] for Reconsideration of the Court's August 19, 2015 Order, and the opposition and reply thereto. Upon consideration of these filings, the applicable law, and the entire record in this case, the Court will GRANT Defendant's Motion [187] for Reconsideration for the reasons provided below.

### I.    ANALYSIS

The Court's August 19, 2015 Order relied on the Court's conclusion that defendant had not properly invoked the "operational files exemption," and that even if it had, the "special activity exception" to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, applied. Both of these conclusions were erroneous.

**A.  The Special Activities Exception**

As to the special activities exception, the Court had consulted *Sullivan v. CIA*, 992 F.2d 1249 (1st Cir. 1993), and concluded both (1) that plaintiff had identified a sufficiently specific CIA activity in connection with its request, namely, an alleged CIA-linked effort to catch Pablo Escobar, and (2) that the government had declassified the requested material when it disclosed in its Vaughn Indices that the material contained discussion of "special activities." The Court now

1

realizes that it made an impermissible inference in its August 19, 2015 Opinion. Specifically, the Court improperly reasoned that the concession that there were special activities, when taken in conjunction with the unredacted text of the Los Pepes Panel documents demonstrating CIA involvement, meant that the CIA had effectively disclosed the existence of the specific special activities plaintiff had alleged.

As the government correctly notes, however, this conclusion was unfounded. Because the relevant Vaughn Indices say that mention of special activities has been redacted but do not describe those activities, it is possible that there are special activities discussed in the redacted portions of those documents that do not relate to Pablo Escobar at all. The Vaughn Indices' disclosure of special activities, whether or not those activities relate to Pablo Escobar, at most declassifies the mere existence of discussion of some sort of special activity in the Los Pepes Panel documents. And where nothing more has been declassified than the mere existence of some sort of special activity, the Court's rationale—that "[special] activities (1) did exist, (2) were CIA-linked, and (3) have been declassified"—does not apply. The *Sullivan* court recognized as much when it noted that "declassification occurs only when 'an authorized Executive Branch official has officially and publicly acknowledged the existence . . . of a specific special activity.'" *Sullivan*, 992 F.2d at 1254 (quoting S. REP. No. 98-305, at 24 (1983)).

To proceed otherwise would, in addition to violating the law, allow FOIA plaintiffs to bootstrap themselves into the exception using the very transparency they crave. This is precisely what government officials dread: Each new speck of disclosure making it easier for plaintiffs to argue that the government has already disclosed so much that it has effectively declassified the matter. This might sound like a dream to some FOIA plaintiffs, but in practice it would be a nightmare, discouraging disclosure for fear that every trickle would become a flood. To

illustrate the potential problem, one need look no further than this case. Plaintiff's argument takes the government's decision to explain in the Vaughn Indices its redaction of material from the Los Peopes Panel Reports, adds to that the government's decision to unredact portions of those reports, and infers that a special activity targeting Pablo Escobar has been disclosed and thus declassified. But if such an argument prevails in court, the government will be far more tempted to simply redact even more material, or provide even less detail in future Vaughn Indices. And who could blame it? Plaintiff's argument would, if accepted, punish the government for doing precisely what FOIA requires—providing what disclosure it safely can, and where it cannot safely disclose, explaining why—by creating a constant risk of inadvertent declassification. The caselaw shows that FOIA does not command such a result.

### B. The Operational File Exemption

When a complainant alleges that the CIA has improperly withheld requested records due to improper exemption of operational files, the CIA must "demonstrate[e] to the court by sworn written submission that exempted operational files likely to contain responsive records currently perform the functions set forth in subsection (b) of this section." 50 U.S.C. § 3141(f)(4)(A). The Court previously rejected the government's attempt to invoke the exemption because the declarations it offered in support thereof were conclusory, and gave the Court no independent way to evaluate the government's claim. *See* August 19, 2015 Mem. Op. 3–4. To address the Court's concerns on this and other points, the government has submitted further briefing as well as a declaration by a more senior CIA official. *See* Def.'s Mot. for Reconsideration Ex. A.

The new declaration does not bolster the government's invocation of the operational files exemption. As the government points out in its Motion to reconsider, however, the nature of plaintiff's request—for files relating to supposed covert action operations to apprehend Pablo

Escobar—would necessarily "document the conduct of foreign intelligence or counterintelligence operations." 50 U.S.C. § 3141(b)(1). In short, by providing the specificity needed to claim the "special activities" exception, plaintiff has enabled the government to logically demonstrate that the exempted operational files likely to contain responsive records in fact perform the statutorily protected function described in (b)(1). *Compare* Plaintiff's Opp. To Def.'s Supp. Summ. J. 20 (alleging that the government took part in a "Colombian Task Force, []  designed to assist in the apprehension of Escobar"), *with* H.R. REP. NO. 98-726(I), at 21 (1984) ("foreign intelligence operations consist of . . . special activities (also called covert actions) conducted in support of United States foreign policy objectives in which the role of the U.S. Government is not apparent or acknowledged publicly."). The Court therefore concludes that the government did in fact properly invoke the operational file exemption in this case.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for reconsideration will be GRANTED in a separate Order issued this date. Defendant need not search its operational files in response to plaintiff's request.

Signed by Royce C. Lamberth, Judge, on January 28, 2016.