UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CENTRAL<br>INTELLIGENCE AGENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Case No. 06-960 |

## MEMORANDUM OPINION

By making most—but not all—government records publicly available, the Freedom of

Information Act (FOIA) balances agency with accountability, caution with candor, efficiency

with effectiveness, and secrecy with safety. In this case, national security proves a fickle

fulcrum.

The intelligence community routinely prepares periodic digests of disparate intelligence

from around the world. Historically, when these dispatches fell within a FOIA request, the

agency would only release the relevant portion, redacting the rest as nonresponsive. But the

Court of Appeals ended that practice, holding that notwithstanding 5 U.S.C. § 552(b)'s nine

exceptions, if a record contains information responsive to a FOIA request, the government must

disclose the entire record. *See Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration

Review (AILA)*, 830 F.3d 667, 676-79 (D.C. Cir. 2016). Put differently, "a single record cannot

be split into responsive and non-responsive bits." *Parker v. U.S. Dep't of Justice*, 278 F. Supp.

3d 446, 451 (D.D.C. 2017) (Boasberg, J.).

To duck that decision in this case, the government fudges the definition of "record." Institute for Policy Studies (IPS) seeks information about Pablo Escobar's activities in Central and South America. Among the documents containing relevant material is a six-page-long daily intelligence report dated December 21, 1993 summarizing developments throughout Europe, South America, and the Middle East. The South America–portion discusses an attack on Escobar's brother, so the government processed and released it in full. But the government did not even process the portions discussing Europe and the Middle East, construing them as separate "records" not responsive to IPS's request.

Both sides move for partial summary judgment on whether this document and others like it can be chopped into multiple records. Since their motions do not present a "genuine dispute as to any material fact," summary judgment is proper. Fed. R. Civ. P. 56(c).

Although the D.C. Circuit has never directly answered "the antecedent question of what constitutes a distinct 'record' for FOIA purposes," *AILA*, 830 F.3d at 678, prior opinions offer helpful guidance. Generally, they note "[t]he term 'agency records' should not be manipulated to avoid the basic structure of the FOIA: records are presumptively disclosable unless the government can show that one of the enumerated exemptions applies." *Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1494 (D.C. Cir. 1984). And specifically, they suggest two reference points to assess proposed divisions: 1995 guidance from the Justice Department, and the agency's prior practices. *See AILA*, 830 F.3d at 687.

Here, both suggest the government slices the definition of "record" too thinly. *First*, the Justice Department's guidance. The Justice Department notes agencies should not divide documents "on less than a page-by-page basis": "If any of the information on a page of the document falls within the subject matter of a FOIA request, then that entire page should be

2

included as within the scope of the request." Office of Info. Policy, U.S. Dep't of Justice,

*Determining the Scope of a FOIA Request*, *in* 16 FOIA Update 3 (1995),

https://www.justice.gov/oip/blog/foia-update-oip-guidance-determining-scope-foia-request. To

that end, the *AILA* court concluded "an individual sentence within a paragraph" could never "be

conceived of as a distinct, non-responsive 'record.'" 830 F.3d at 679. But here, the government

proposes carving pages into individual paragraphs and sentences. *See, e.g.*, ECF No. 276 at 180-

81, 192, 194-96, 200-03, 209, 215-16, 218, 224. That contravenes not only the Justice

Department's guidance, but *AILA* itself.

    *Second*, agency practice. Throughout this litigation—which pre- and post-dates *AILA*—

the government has failed to consistently explain when a document constitutes a single record

and when it should be splintered into several. At the moment, the government wants to account

for relevant information before mincing it into different records. But that puts the cart before the

horse: § 552 requires identifying records based on responsiveness alone, regardless of what else

the record contains. *See also AILA*, 830 F.3d at 678 ("[§ 552] sets for the broad outlines of a

process for agencies to follow when responding to FOIA requests: first, identify responsive

records; second, identify those responsive records or portions of responsive records that are

statutorily exempt from disclosure; and third, if necessary and feasible, redact exempt

information."). And it doubles back on how the government defined these records in its pre-*AILA*

*Vaughn* indices, which treated composite intelligence reports as one record, not multiple. *See*

ECF No. 276-1 at 222-43. This midstream attempt to move the goalposts only underscores the

weakness of the government's position. *See also Judge Rotenberg Educ. Ctr. v. U.S. Food &*

*Drug Admin.*, 376 F. Supp. 3d 47, 61-62 (D.D.C. 2019) (Howell, C.J.) ("Allowing the

[government] to re-define the contours of a given record midway through litigation . . . . is

3

precisely the sort of manipulation that undermines the purpose of FOIA."). The government cannot retroactively rehash the meaning of "record" to skirt *AILA*.

This result comports with several other cases in this district, *see Am. Oversight v. U.S. Dep't of Health & Human Servs.*, 380 F. Supp. 3d 45, 51 (D.D.C. 2019) (Jackson, A.B., J.); *Judge Rotenberg Educ. Ctr.*, 376 F. Supp. 3d at 61-62; *Parker*, 278 F. Supp. 3d at 452, but contrasts with one, *see Shapiro v. Cent. Intelligence Agency*, 247 F. Supp. 3d 53, 73-75 (D.D.C. 2017) (Cooper, J.). Not for nothing, *Shapiro* did not address the situation where the government cleaved records into individual sentences or paragraphs. *Shapiro* merely allowed the government to parse page ranges from books and manuals where the given range offered adequate context to "maintain" the original document's "integrity." *Shapiro*, 247 F. Supp. 3d at 73-75. But here, the government dices these briefing summaries into discrete paragraphs and sentences in a way that disregards their original form and function. Manuals need not be read cover-to-cover to be useful; a book author likely intends his audience to encounter a few pages at a time. But a daily or weekly intelligence summary—itself just a few pages long—is an unlikely candidate for piecemeal consumption.

The Court recognizes the practical significance of its decision. Intelligence community members will have to devote additional time and resources processing documents yielding little useful information. That saddles their evermore-burdened FOIA offices with busywork, delays responses for other FOIA requesters, and distracts subject matter experts from their primary mission. But those are problems for Congress.[1] Bound by § 552's text and *AILA*'s holding, the

---

[1] Indeed, the limits of this decision bear emphasis. Agencies can reformat their periodic intelligence summaries to more clearly delineate between subjects and sources, thus more plausibly scoping the document into distinct records. Relatedly, the Court applauds IPS's willingness to "narrow the scope of disclosure of non-responsive information to those records pertaining only to Central or South America," *see* Pl.'s Mem. Law 15, ECF No. 275-2, and hopes that—both in this case and in others—the parties can avoid wasting taxpayer resources through agreement.

Court will grant IPS's cross-motion for partial summary judgment and deny CIA's. A separate

order follows.

July 31, 2019

Royce C. Lamberth
United States District Judge